898 So.2d 291 (2005)
CITGO PETROLEUM CO., et al.
v.
LOUISIANA PUBLIC SERVICE COMMISSION,
Lakes Charles Pilots, Inc.
v.
Louisiana Public Service Commission/
CITGO Petroleum Corporation and Conoco, Inc.
v.
Louisiana Public Service Commission.
Nos. 2004-CD-0914, 2004-CD-0917, 2004-CA-1190, 2004-CA-1191, 2004-CA-1192.
Supreme Court of Louisiana.
March 2, 2005.
Rehearing Denied April 29, 2005.
*292 Eve Kahao Gonzalez, Brandon Mark Frey, Amanda Hurt Smith, Counsel for Applicant (No. 2004-CD-0914).
Shirley & Ezell, Andrew Bennett Ezell, John Owen Shirley, Sr., Kyle Christian Marionneaux, Lane & Cotton, Thomas Archer Lane, George Martin Cotton, Simoneaux, Carleton, Dunlap & Olinde, LLC, Frank P. Simoneaux, Cade Aaron Evans, Bridget Benoit Denicola, Baton Rouge, Wright, Everett & Moreno LLC, Kenneth Michael Wright, Lake Charles, Gordon, Arata, McCollam, Duplantis & Eagan, LLP, Martin E. Landrieu, New Orleans, Jeansonne & Remondet, Donald Wayne Washington, Lafayette, Huval, Veazey, Felder & Aertker, Thomas Hebert Huval, Covington, Michael Kenneth Dees, Lake Charles, Counsel for Respondent (No. 2004-CD-0917, No. 2004-CA-1190, No. 2004-CA-1191 and 2004-CA-1192).
David Laurence Guerry, Jennifer J. Bosburg, Baton Rouge, Counsel for BG LNG Services, L.L.C. (Amicus Curiae).
Shirley & Ezell, Andrew Bennett Ezell, John Owen Shirley, Sr., Baton Rouge, Kyle Christian Marionneaux, Counsel for Applicant (No. 2004-CD-0917, 2004-CA-1190, 2004-CA-1191, and 2004-CA-1192).
*293 Eve Kahao Gonzalez, Brandon Mark Frey, Amanda Hurt Smith, Lane & Cotton, Thomas Archer Lane, George Martin Cotton, Simoneaux Carleton, Dunlap & Olinde, LLC, Frank P. Simoneaux, Stephen Craig Carleton, Cade Aaron Evans, Bridget Benoit Denicola, Baton Rouge, Wright, Everett & Moreno LLC, Kenneth Michael Wright, Lake Charles, Gordon, Aarata, McCollam, Duplantis & Eagan, LLP, Martin E. Landrieu, New Orleans, Donald Wayne Washington, Lafayette, Huval, Veazey, Felder & Aertker, Thomas Hebert Huval, Covington, Michael Kenneth Dees, Lake Charles, Counsel for Respondent (No. 2004-CD-0914).
TRAYLOR, J.
The Louisiana Public Service Commission (hereinafter "LPSC") and the Lake Charles Pilots, Inc. (hereinafter "Pilots") filed three separate appeals and two applications for supervisory writs in this court. These matters were consolidated for purposes of this opinion. Prior to our consideration of the issues raised therein, the legislature enacted legislation which we believed might affect our consideration of these matters. Consequently, based upon the enactment of La. Act No. 902 of the 2004 Regular Legislative Session, this court issued an order directing the parties to address the following: (1) whether this court should exercise its appellate and/or supervisory jurisdiction and (2) if such jurisdiction exists, whether a justiciable controversy remains in light of the enactment Act No. 902 of the 2004 Regular Legislative Session. Based upon our analysis of this matter, we find that the issues which form the basis of the lower court's judgment are now rendered moot due to the enactment of Act 902.

FACTS AND PROCEDURAL HISTORY
The underlying facts of this case were previously before this court in CITGO Petroleum Corp. v. Louisiana Public Service Comm., 01-1902 (La.3/15/02), 815 So.2d 19 ("CITGO I"). In order to place in perspective the current procedural posture of this case, a brief recitation of those facts is necessary.

CITGO I
CITGO I arose from a proceeding to determine pilotage fees and rates filed on September 17, 1998, by the Pilots with the LPSC.[1] The fees and rates charged by the pilots for pilotage service are set by the Fee Commission, or in this case, the LPSC. The LPSC initially approved an interim tariff filed by the Pilots and issued a final order adopting the tariff on November 9, 1999. The tariff addressed only the "inner bar," as the LPSC concluded it lacked jurisdiction over the "outer bar."[2]
CITGO Petroleum Company ("CITGO") and Conoco Phillips ("Conoco"), intervenors in the LPSC proceeding in CITGO I, *294 filed a petition for judicial review of the LPSC's November 9, 1999 order in the Nineteenth Judicial District Court. In their appeal to the district court, CITGO and Conoco alleged that the LPSC lacked jurisdiction over the subject matter of the action because the conditions precedent to the LPSC's jurisdiction were not met. Alternatively, CITGO and Conoco alleged that the interim and final orders were arbitrary and capricious on the ground that the LPSC's failure to regulate pilotage fees and rates in the outer bar was unlawful.
On April 3, 2001, the district court denied the exception to the LPSC's jurisdiction filed by CITGO and Conoco. After a hearing on the merits of the petitions for judicial review, the district court vacated the LPSC's orders and remanded the matter to the LPSC for further proceedings.
CITGO and Conoco appealed to this court. The issue before this court in CITGO I was two fold: (1) Whether the LPSC had subject matter jurisdiction over the matter and (2) whether the LPSC could regulate the outer bar. In CITGO I, we first noted that former La. R.S. 34:1121[3] grants the LPSC the authority to consider the matter as all the conditions necessary for the case to be allotted to the LPSC had been satisfied.[4] Second, we agreed with the LPSC that it is traditionally within the authority of the state to regulate the outer bar. However, since the state opted not to regulate the area, the language of La. R.S. 34:1073 provided the LPSC with the authority to regulate the outer bar.[5] Hence, this court, in CITGO I, affirmed the judgment of the district court and remanded the matter to the LPSC to include the outer bar in the determination of the final tariff.

Post CITGO I
On remand from this court, the LPSC referred the matter to an Administrative Law Judge ("ALJ"), to conduct a hearing. Prior to and at the hearing, the ALJ made three interlocutory rulings:
(1) The ALJ denied Pilots' motion to compel production of invoices and other documents showing payments made by CITGO and Conoco to other state-commissioned pilots in other U.S. ports;
(2) The ALJ struck the testimony of Brent Dibner, Pilots' expert witness; and
(3) The ALJ denied Pilots' motion to strike the testimony of David Moore, CITGO and Conoco's expert witness, despite Pilot's contention that his testimony was not timely filed.
Pilots appealed these three interlocutory rulings to the LPSC. Meanwhile, on September 10, 2003, the ALJ issued a Final Recommendation on the merits of *295 the tariff determination. The LPSC scheduled a review of the ALJ's Final Recommendation at its Business and Executive Session "(Executive Session") which was scheduled to be held on October 9, 2003. Pilots' appeals of the three interlocutory rulings of the ALJ were also scheduled for consideration at that time.
In Order T-23792-C, rendered on November 6, 2003, the LPSC made the following rulings with respect to the ALJ's interlocutory rulings:
1) The LPSC affirmed the ALJ's denial of the motion to compel CITGO and Conoco to produce documents relating to the fees they paid in other ports. However, the LPSC directed its staff to issue subpoenas to CITGO, Conoco Philips and BG LNG Services, L.L.C.
2) The LPSC affirmed the ALJ's ruling to exclude Brent Dibner's testimony in part, but ordered that it would convene en banc to hear Mr. Dibner's testimony relating to state pilotage rates charged in other ports, subject to cross-examination; and
3) The LPSC affirmed the ALJ's denial of the Pilot's motion to strike David Moore's testimony.
The LPSC deferred ruling on the Final Recommendation of the ALJ until it received more information at the anticipated en banc hearing. CITGO and Conoco objected to the subpoenas and filed a formal response with the LPSC.
On November 7, 2003, CITGO and Conoco filed a Petition for Supervisory Relief and Request for Expedited Hearing with the Nineteenth Judicial District Court within the pending case of Citgo Petroleum Corp., ConocoPhillips Co., Inc. and the Lake Charles Harbor and Terminal District v. La. Public Service Commission, No. 468,813, Sec. 22. The petition requested a stay of the LPSC's proceedings and a decree that the LPSC's rulings were invalid and unenforceable, including the issuance of subpoenas. In response, the LPSC filed Exceptions of Improper Use of Summary Proceedings and No Cause of Action.
After a hearing, the district court overruled the LPSC's exceptions and vacated the orders from the LPSC's Executive Session. The district court also directed the LPSC to either affirm or modify the Final Recommendation of the ALJ and either sustain or overrule the two remaining interlocutory rulings. The district court based its ruling on the internal rules of LPSC. Under the LPSC's rules, the district court found that the only options available to the LPSC in reviewing the ALJ's determinations were to: 1) affirm or modify the Final Recommendation on the record, and 2) affirm or overrule one or more of the interlocutory rulings. The district court found that in scheduling additional hearings after the Final Recommendation, and by issuing subpoenas, the LPSC "acted in an arbitrary, capricious, and unreasonable manner."
Following the district court's ruling, the parties sought review from this Court. On April 12, 2004, the LPSC filed an application for supervisory writ designated as 2004-CD-0914, seeking review of the district court judgment reversing its interlocutory rulings. Also on April 12, 2004, Pilots filed its own application for supervisory writ, designated as 2004-CD-0917, joining the arguments advanced by the LPSC. In addition to the supervisory writs, the LPSC filed two separate appeals, one designated as 2004-CA-1190 and the other designated as 2004-CA-1191. Pilots also filed its own appeal, designated as 2004-CA-1192. On May 19, 2004, the record for these three appeals was lodged with this court. A review of the supervisory writs and appeals filed in this case reveals that the substance of all *296 of the filings are practically identical; i.e. all seek review of the district court's judgment concerning the LPSC's review of the ALJ's rulings.
Meanwhile, in the 2004 regular legislative session, the legislature enacted Act 902, which will be discussed in more detail infra. On July 12, 2004, the governor signed this Act, which became effective on January 1, 2005.
On August 19, 2004, CITGO and Conoco filed a motion to dismiss the three appeals in this court arguing that the judgment of the district court related to an interlocutory, and not a final, ruling of the LPSC. CITGO and Conoco argue that this court may only invoke its appellate jurisdiction when there has been a final judgment rendered.
We consolidated the writs and the appeals and issued an order directing the parties to address two specific issues: (1) whether this court should exercise its appellate and/or supervisory jurisdiction and (2) if such jurisdiction exists, whether a justiciable controversy exists in light of Act No. 902 of the 2004 Regular Legislative Session.

JURISDICTION
In the instant case, the LPSC and Pilots seek review of the district court's ruling under both this court's appellate and supervisory jurisdiction. CITGO and Conoco only object to the exercise of this court's appellate jurisdiction.

Supervisory Jurisdiction
La. Const. art. V, § 5 confers upon this court general supervisory jurisdiction over all courts. CITGO and Conoco concede that this court may review the judgment of the district court under its supervisory jurisdiction. Thus, there is no question that this court may exercise its supervisory jurisdiction over this matter.

Appellate Jurisdiction
CITGO and Conoco contend that this court is without jurisdiction to review this matter under its appellate jurisdiction. This court's appellate jurisdiction of LPSC proceedings is conferred upon it by the Louisiana Constitution. La. Const. art. IV § 21(E), provides:
Appeal may be taken in the manner provided by law by any aggrieved party or intervenor to the district court of the domicile of the commission. A right of direct appeal from any judgment of the district court shall be allowed to the supreme court. These rights of appeal shall extend to any action by the commission, including but not limited to action taken by the commission or by a public utility under the provisions of Subparagraph (3) of Paragraph (D) of this Section [not at issue here]. [emphasis added]
When a constitutional provision is plain and unambiguous and its application does not lead to absurd consequences, its language must be given effect. East Baton Rouge Sch. Bd. v. Foster, 02-2799 (La.6/6/03), 851 So.2d 985, 996. Unequivocal constitutional provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. Ocean Energy, Inc. v. Plaquemines Parish Government, XXXX-XXXX (La.7/6/04), 880 So.2d 1; Cajun Elec. Power Co-op. v. Louisiana Pub. Serv. Com'n, 544 So.2d 362, 363 (La.1989) (on rehearing).
The language of La. Const. art. 4, § 21(E) authorizes a direct appeal to this court from any judgment of the district court, reviewing an LPSC action. The constitutional language is specific and mandatory, i.e. the right to appeal shall extend to "any action by the commission." La. Const. art. 4, § 21(E) further provides the right of direct appeal is not limited, *297 but extends from any judgment of the district court to the supreme court. Based upon this plain, unambiguous and unequivocal language, we find that this court is vested with appellate jurisdiction under La. Const. Art. 4, § 21(E) to review these matters. Hence, CITGO and Conoco's motion to dismiss is hereby denied.
We find that this court may exercise jurisdiction over this matter pursuant to either its supervisory or appellate jurisdiction. La. Const. art. V, § 5 and La. Const. art. IV, § 21(E) authorizes this court to review the issues presented in the writ applications, as well as in the appellate briefs. However, because of our ultimate disposition of this case, we do not need to decide whether our decision should be made under our supervisory or appellate authority. Our conclusion with regard to this matter is the same, whether analyzed as a writ or as an appeal.

IMPLICATIONS OF 2004 LA. ACTS, NO. 902
During the 2004 regular legislative session, the legislature amended and reenacted several parts of Chapter 6 of Title 34 of the Louisiana Revised Statutes of 1950. Prior to the 2004 amendments, La. R.S. 34:1121 created Fee Commissions for each pilot association created and operating under state law. Act 902 of the 2004 Regular Session amended La. R.S. 34:1121 to provide for a single Pilotage Fee Commission (hereinafter referred to as "Commission"). In addition, Section 4 of Act 902 provides, in pertinent part:
. . . Subject to the provisions of this Act, the automatic tariff rate adjustment mechanisms in place as of July 1, 2004, shall remain in effect through June 30, 2005. Thereafter such filings shall be made in accordance with the rules and regulations promulgated by the pilotage fee commission . . .
In CITGO I, we specifically found that the LPSC had jurisdiction over this matter regarding the setting of fees pursuant to La. R.S. 34:1121-1122. This case was remanded to the LPSC for the purpose of including the outer bar in its determination of the final tariff. While on remand, LPSC made several interlocutory rulings, specifically relating to interlocutory issues which would assist the LPSC in determining the rates for the outer bar. These interlocutory issues and the LPSC's authority are the subject matter of the instant writs and appeals. However, during the pendency of this proceeding, Act 902 became effective, divesting the LPSC of pilotage rate-making authority effective January 1, 2005. Consequently, the question arises whether there is a justifiable controversy left for this court to consider.
CITGO and Conoco contend that there remains a justiciable controversy after the effective date of the amendment of the statute and argue that the issues presented by the LPSC and Pilots are not moot. We disagree. During oral argument, CITGO and Conoco raised several procedural issues which they argue precludes the Commission from acting in a timely manner. According to CITGO and Conoco, the Commission members have not yet been appointed by the governor nor has an office or domicile been created for the Commission. The issues raised by CITGO and Conoco are considerable and not without substance.
However, we are confined to the language of the statute for direction. The Commission's purpose, as enumerated in the amended statute, states that the Commission "shall exist to establish pilotage fees." See La. R.S. 34:1121(A). Prior to the effective date of Act 902, the authority to set new pilotage fees remained with the *298 Fee Commission.[6] However, effective January 1, 2005, the Fee Commission, or as it pertains to this case, the LPSC, is without authority to set new rates. Both the LPSC and Pilots acknowledged in both argument and brief that after January 1, 2005, the newly-created Commission will have jurisdiction to set pilot fees.
The legislature was clear in its intent to strip the Fee Commission and LPSC's rate-making authority effective January 1, 2005. The amending language of the statute is unambiguous. Act 902 reflects the legislature's intent to change the law and divest all but the Commission of the authority to set pilotage fees. "Where a new statute is worded differently from the preceding statute, the legislature is presumed to have intended to change the law." Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 888. In the instant case, authority was taken away from the Fee Commission and the LPSC and granted to the newly formed Commission.
We recognize that Section 4 of Act 902 contains a provision to retain the pilot rates previously set by the LPSC. However, in this case, the final tariff which will include the outer bar, is yet to be determined and was not set by the LPSC. The statute is clear and the LPSC is divested of authority to make the determination of the final tariff. Due to the specific language of the Act, we find the only redress available to CITGO and Conoco at this juncture is to file a "request for action" before the Commission pursuant to La. R.S. 34:1122.

CONCLUSION
The LPSC and Pilots sought review of a judgment of the district court reversing several interlocutory rulings of the LSPC. During the pendency of this litigation, the Louisiana legislature amended the law and divested the Fee Commission and the LPSC of any authority to set pilotage fee rates. Effective January 1, 2005, the only entity empowered to set rates is a newly formed commission known as the Pilotage Fee Commission.
A thorough review of the applications and appeals filed in this court reveals that the merits of these filings relate to interlocutory rulings of the LPSC. These LPSC interlocutory rulings relate to issues which would have assisted the LPSC in determining the rates of the outer bar and the determination of the final tariff applicable to the parties. The effect of any decision by this court reviewing the propriety of those rulings would result in an advisory opinion without effect. The newly formed Commission will surely take evidence and determine which facts are necessary for determining the final tariff. The statute does not contain any language which suggests that the new Commission must accept the prior findings of the LPSC. Thus, any decision from this court reviewing the LPSC's rulings would be advisory. It is well settled that courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. Baxter v. Scott, 2003-2013 (La.11/14/03), 860 So.2d 535, 536; St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165 (La.1987) (on rehearing). Consequently, we decline to reach the merits of this case and remand the matter to the newly formed Commission for a determination of the final tariff.

DECREE
The writs in 2004-CD-0914 and 2004-CD-0917 are denied. The motion to dismiss *299 appeals filed by CITGO and Conoco is also denied. Furthermore, pursuant to Act 902 of the 2004 Regular Legislative Session, which amended La. R.S. 34:1121, this matter is remanded to the Pilotage Fee Commission for a determination of the fees and tariffs at issue.
NOTES
[1] Such fees and rates are usually considered by the Associated Branch Pilots of the Port of Lake Charles Fee Commission ("Fee Commission"). However, a majority of the Fee Commission was unable to decide the issue. Pursuant to La. R.S. 34:1122(D)(1), when a majority of the Fee Commission is unable to decide an issue, its members can certify the issue to the LPSC for expedited adjudication, and the LPSC's decision on the issue shall constitute the decision of the Fee Commission.
[2] The terms "inner and outer bar" are terms of art. The area colloquially known as the "inner bar" is that portion of the Calcasieu Ship Channel which is located within three geographical miles of the Louisiana coastline. Conversely, the term "outer bar" relates to that portion of the channel seaward of three geographical miles beyond the Louisiana coastline.
[3] At the time of CITGO I, La. R.S. 34:1122(D) provided:

A decision by a majority of the members of the commission shall constitute the decision of the commission. Whenever negotiation of an issue has been requested, in writing, by any two members and a majority of the commission is unable to decide the issue within ninety days of the request for negotiation, any member may certify and file, in writing, the issue with the Louisiana Public Service Commission for expedited adjudication. Upon such filing, as is provided by R.S. 34:1121(C), the Louisiana Public Service Commission shall constitute the commission.
La. R.S. 34:1121 was amended by ACT No. 902, 2004 Regular Legislative Session.
[4] See footnote 1, supra.
[5] La. R.S. 34:1073 provides:

There shall be a body of pilots to be known as River Port Pilots whose duty it shall be to pilot seagoing vessels within the state of Louisiana, through all navigable streams, canals, channels, rivers, passes and bars within the state of Louisiana and across the bars and passes.
[6] See footnote 1, supra, which details the procedural posture of this case and explains the events which transpired resulting in the LPSC deciding the fee dispute.