938 So.2d 114 (2006)
Vikki CHAUVIN
v.
WELLCHECK, INC.
No. 2005 CA 1571.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*115 T. Jay Seale, Glen R. Galbraith, Hammond, Counsel for Plaintiff/Appellee Vikki Chauvin.
Rodney C. Cashe, Shaan M. Aucoin, Hammond, Counsel for Defendant/Appellant Wellcheck, Inc.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
GAIDRY, J.
This is an appeal of a summary judgment in a declaratory judgment action, declaring a noncompetition agreement between an employee and former employer null and void. For the following reasons, we vacate the summary judgment of the trial court and dismiss the appeal.

FACTS AND PROCEDURAL HISTORY
The plaintiff-appellee, Vikki Chauvin, and her husband, Tommy Chauvin, were the stockholders of a Louisiana corporation engaged in health screening through blood tests and other procedures. On January 21, 2000, the corporation's assets, including its goodwill, were purchased by the defendant-appellant, Wellcheck, Inc. (Wellcheck), and its parent corporation. On the same date, Ms. Chauvin and her husband each entered into an Employment Agreement and a Noncompetition Agreement with Wellcheck. Only the agreements executed by Ms. Chauvin are at issue in this appeal.
The Noncompetition Agreement provided that Ms. Chauvin would not directly or indirectly engage in the business of outpatient testing of blood cholesterol, bone density, or blood glucose within "the entire United States of America" for a period of two years after either the execution of the agreement or the date of termination of her employment by Wellcheck, whichever was later. The agreement also provided that it would be interpreted under California law, "without giving effect to principles of conflicts of laws." Ms. Chauvin left Wellcheck's employment on December 20, 2002.
On March 3, 2004, Ms. Chauvin instituted these proceedings by filing a petition for declaratory judgment, seeking a judicial determination that the Noncompetition Agreement was null and unenforceable based upon its overly broad geographic restriction or upon the alternate determination that the agreement would expire on December 20, 2004. She also alleged her desire to compete in business with Wellcheck. Wellcheck was named as defendant and answered the petition, generally denying most allegations, but admitting the existence of the agreements, that it intended to enforce the Noncompetition Agreement, and that the Noncompetition Agreement would expire by its own terms on December 20, 2004. In the same pleading, Wellcheck incorporated a reconventional demand, alleging that Ms. Chauvin was then engaged in business in competition with it through another corporation incorporated by her and her husband on June 24, 2003. It sought declaratory judgment that the Noncompetition Agreement remained in full force and effect and was breached by Ms. Chauvin. It also sought a preliminary injunction against Ms. Chauvin to restrain and enjoin her "from continuing to violate the terms of the [Noncompetition] Agreement."
Ms. Chauvin initially opposed Wellcheck's request for a preliminary injunction on the procedural basis that *116 Wellcheck did not make its request in connection with a suit for a permanent injunction. Wellcheck thereupon amended its reconventional demand to add a request for a permanent injunction. The hearing on Wellcheck's request for a preliminary injunction was held on July 19, 2004, after which the trial court took the matter under advisement. On August 4, 2004, the trial court issued its written reasons for judgment in favor of Wellcheck and directed the parties to submit a written judgment. The written judgment was signed on October 15, 2004, granting the preliminary injunction upon Wellcheck furnishing security in the form of cash or a commercial bond in the amount of $10,000.00. The judgment further provided that the preliminary injunction would expire on December 20, 2004, unless suspended or vacated earlier. Wellcheck chose not to furnish the security, so the injunction did not actually issue.
On November 18, 2004, Wellcheck filed a motion for summary judgment, seeking summary declaratory judgment that the Employment Agreement and Noncompetition Agreement were valid and enforceable against Ms. Chauvin. On January 10, 2005, Ms. Chauvin filed a motion for summary judgment, seeking summary declaratory judgment as prayed for in her petition and the dismissal of Wellcheck's reconventional demand. Both motions were heard on January 18, 2005. By judgment signed on February 16, 2005, the trial court granted Ms. Chauvin's motion for summary judgment and denied Wellcheck's motion, dismissing its reconventional demand. Wellcheck appeals.

ASSIGNMENT OF ERROR AND ISSUES PRESENTED
Wellcheck contends the trial court erred in finding the Noncompetition Agreement null and void under Louisiana law, rather than applying California law, which permits reformation of the overly broad geographic restriction. In addition to addressing the issues framed by Wellcheck, Ms. Chauvin raises the additional fundamental issue of whether a justiciable controversy exists.

ANALYSIS
A person "interested under a . . . written contract" may seek the determination of "any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status, or other legal relations thereunder." La. C.C.P. art. 1872. Declaratory judgment may be rendered "whether or not further relief is or could be claimed." La. C.C.P. art. 1871. A contract may be construed either before or after there has been a breach thereof. La. C.C.P. art. 1873.
A declaratory judgment action is designed to provide a means for adjudication of rights and obligations in cases involving an actual controversy that has not reached the stage where either party can seek a coercive remedy. Chauvet v. City of Westwego, 599 So.2d 294, 296 (La. 1992). See also Gary v. Marquette Casualty Company, 72 So.2d 619, 621-22 (La. App. 1st Cir.1954). The function of a declaratory judgment is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. ANR Pipeline Company v. Louisiana Tax Commission, 01-2594, p. 9 (La.App. 1st Cir.3/20/02), 815 So.2d 178, 185, affirmed and remanded, 02-1479 (La.7/2/03), 851 So.2d 1145. But our jurisprudence has limited the availability of declaratory judgment by holding that "courts will only act in cases of a present, justiciable controversy and will not render merely advisory *117 opinions." Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 701 (La.1993).
Because of the almost infinite variety of factual scenarios with which courts may be presented, a precise definition of a justiciable controversy is neither practicable nor desirable. Wooley v. State Farm Fire and Casualty Insurance Company, 05-1490, p. 5 (La.App. 1st Cir.2/10/06), 928 So.2d 618, 622. However, a justiciable controversy has been broadly defined as one involving "adverse parties with opposing claims ripe for judicial determination," involving "specific adversarial questions asserted by interested parties based on existing facts." Prator v. Caddo Parish, 04-0794, p. 6 (La.12/1/04), 888 So.2d 812, 816. A justiciable controversy for purposes of declaratory judgment is one involving uncertain or disputed rights in "an immediate and genuine situation," and must be a "substantial and actual dispute" as to the legal relations of "parties who have real, adverse interests." Id. at pp. 7-9, 888 So.2d at 817. It is well settled that courts should not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to such controversies. CITGO Petroleum Co. v. Louisiana Public Service Commission, 04-0914, p. 12 (La.3/2/05), 898 So.2d 291, 298.
The judgment at issue does not serve the purpose of terminating any immediate, existing controversy between the parties, as the prior expiration of the agreement itself served that purpose; the declaratory relief sought by both parties and the injunctive relief sought by Wellcheck were rendered moot. Wellcheck nevertheless contends that its claim for damages resulting from the alleged breach by Ms. Chauvin is before this court. We must disagree. The only allegation made as to any potential damages is set forth in the final paragraph of Wellcheck's reconventional demand:
Plaintiff-in-Reconvention specifically reserves all rights it may have to seek damages as a result of the breach of the [Noncompetition] Agreement and any and all ancillary matters resulting therefrom.
This purported reservation of rights served no procedural purpose in the present matter, as it alleged no material facts as to any damages sustained, failed to affirmatively assert that Wellcheck will exercise any such rights, and sought no specific, additional relief directed toward any such claim. See, e.g., Mayer Godchaux Co., Inc. v. Regan, 18 La.App. 579, 583, 137 So. 547, 550 (La.App.Orl.Cir.1931). Such a "reservation of rights" to later assert a possible cause of action does not amount to factually stating a cause of action.[1] Rather, the allegations of Wellcheck's reconventional demand were directed toward obtaining only declaratory judgment followed by further relief in the form of preliminary and permanent injunctions against the alleged continuing violation of the Noncompetition Agreement prior to expiration of the restrictive period.
Wellcheck's expressed intent to reserve its rights relating to any potential damages claim is not fatal to its later assertion of such a cause of action; the problem here is that it did not actually exercise its right to seek such further relief in connection with its reconventional demand during the time that such demand presented an immediate, justiciable controversy *118 for purposes of declaratory judgment. While it is certainly true under La. C.C.P. art. 1871 that "the existence of another adequate remedy does not preclude a judgment for declaratory relief," this principle is applicable only "in cases where it is appropriate." This is not such a case.[2] Once the Noncompetition Agreement expired by its own terms, the issues actually presented in this litigation were rendered moot. A declaratory judgment on the validity and enforceability of the agreement at that point served no practical purpose, and such a judgment declaring whether a breach had in fact occurred for purposes of a possible cause of action for contractual damages would amount to an impermissible advisory opinion. The determination of Wellcheck's right to any contractual damages would thus be better made in a direct action seeking such relief. See Schmill v. St. Charles Parish, 96-894, pp. 10-11 (La.App. 5th Cir.3/12/97), 692 So.2d 1161, 1166.
We conclude that the trial court erred in rendering summary declaratory judgment under these facts. At the time the trial court rendered its judgment, there was no longer an actual, immediate controversy between the parties for purposes of declaratory judgment. The issues raised in the principal declaratory judgment action and the reconventional demand for declaratory judgment and injunctive relief were then moot, thus depriving the trial court and this court of subject matter jurisdiction. A litigant not asserting a substantial existing legal right is without standing to seek a declaratory judgment, and such lack of standing renders any judicial opinion sought an impermissible advisory opinion. Wooley, 05-1490 at p. 8, 928 So.2d at 623. (Our emphasis.) We accordingly vacate the trial court's judgment and dismiss this appeal. All costs of this appeal are assessed to the defendant-appellant, Wellcheck, Inc.
JUDGMENT VACATED; APPEAL DISMISSED.
DOWNING, J., concurs.
NOTES
[1] Louisiana Code of Civil Procedure article 891(A) requires that the petition include a "short, clear, and concise statement of all causes of action" and "the material facts of. . . the transaction or occurrence that is the subject matter of the litigation[,]" and that it "shall conclude with a prayer for judgment for the relief sought."
[2] Even if we were to find that the reconventional demand stated a justiciable controversy after the expiration of the Noncompetition Agreement, we would still consider such relief inappropriate given the facts and the posture of the parties. Appellate courts, as well as trial courts, may exercise the broad discretionary power to decide whether a suit for declaratory judgment is one in which such relief may be appropriate. Billingsley v. City of Baton Rouge, 95-2162, p. 5 (La.App. 1st Cir.4/30/96), 673 So.2d 300, 303, writ denied, 96-1490 (La.9/20/96), 679 So.2d 439.