953 So.2d 798 (2007)
The COUNCIL OF the CITY OF NEW ORLEANS
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS; Boh Bros. Construction Co., L.L.C.; Renaissance Integrated Solutions, L.L.C.; and Ris New Orleans, L.L.C.
No. 2006-C-1989.
Supreme Court of Louisiana.
April 11, 2007.
Penya Marzula Moses-Fields, City Attorney, Joseph Vincent DiRosa, Jr., Chief Deputy City Attorney, Heather Moore Valliant, Thomas Ainsworth Robichaux, Assistant City Attorneys, for Applicant.
Herman, Herman, Katz & Cotlar, Russ Michael Herman, Sidney Alan Cotlar, Steven J. Lane, Soren Eric Gisleson, David Kendrick Fox, New Orleans, Kingsmill Riess, Marguerite K. Kingsmill, New Orleans, Lambert & Lambert, John D. Lambert, Jr., New Orleans, Gerrard Michael Victor, Auzenne & Associates, Maria Julianna Lucia Auzenne, New Orleans, David A. Rubenstein, for Respondent.
PER CURIAM.
This matter originated with a petition for temporary restraining order, preliminary injunction, and permanent injunction filed on behalf of the Council of the City of New Orleans (Council). The Council named as defendants the Sewerage and Water Board of New Orleans (SWB); Boh Bros. Construction Co., L.L.C.; Renaissance Integrated Solutions, L.L.C.; and RIS New Orleans, L.L.C., seeking to halt the allegedly unlawful laying of fiber optic cable while sewer pipes beneath certain *799 city streets were being removed and replaced. The pipe replacement work was undertaken pursuant to orders of the U.S. Environmental Protection Agency. The Council specifically alleged that the SWB laid the fiber optic cable alongside the new pipe without obtaining a franchise from the Council.
The SWB responded to the suit with various exceptions, including an exception of no right of action which the trial court granted, dismissing the Council's suit. The trial court's oral reasons for the dismissal were that the Council was not a juridical person and did not have the capacity to bring this suit.[1]
The Council appealed. The Mayor, who also disputes the Council's authority to bring such an action, requested that the City Attorney file an intervention in the appellate court on behalf of the City of New Orleans (City). The Court of Appeal, Fourth Circuit reversed and remanded, finding that pursuant to the express provisions of the Charter, the Council has the capacity to sue to enforce its franchise authority. The Council of the City of New Orleans v. Sewerage & Water Board of New Orleans, 05-0384 (La.App. 4 Cir. 7/12/06), 936 So.2d 862.
The City filed a writ application, which this court granted. Id. 06-1989 (La.11/9/06), 941 So.2d 28.
In its brief to this court, the Council admits that it has passed a resolution awarding a franchise to the SWB granting the SWB the authority to construct its fiber optic housing network of 26,000 linear feet in the New Orleans Central Business District. Nevertheless, the Council suggests this matter has not become moot because there are remaining consequences in the controversy. See Footnote 2, infra. Although the City admitted in brief to this court that the "Council's lawsuit is strictly an issue of whether SWB obtained the necessary franchise permit to lay the conduit," (p. 9 of brief) the City did not address the mootness issue in its original brief. We ordered briefing on the issue of whether this matter should be dismissed as moot.
The SWB did not make any filing in this court, despite the fact that the SWB had filed a brief in the appellate court in opposition to the Council's appeal. That brief is instructive of the actions of the parties both prior to and subsequent to the ruling of the district court and prior to the filing of an appeal by the Council:
On April 29, 2004 the Sewerage and Water Board of New Orleans requested from the New Orleans City Council the granting of a telecommunications franchise to install 26,000 linear feet of a conduit capable of housing fiber optic strands in an area of the Central Business District of the city of New Orleans bounded by Commerce Street, Poydras Street, South Claiborne Avenue and the Mississippi River.
Facing an important and legally mandated EPA Consent Decree deadline and little or no action taken on the franchise request by the New Orleans City Council, the Sewerage and Water Board of New Orleans carved out 8,000 linear feet of sewer line and redesigned the conduit installation so that the EPA Consent Decree mandate could be met and the conduit installation could move forward with the award of a contract in December 2004.
The most economic method of installing the conduit was to do so simultaneously *800 with the sewer repairs and replacement work under Contract 3636 which was awarded to Boh Bros. Construction Company, Inc. The installation of 8,000 linear feet of disjointed conduit lines would provide no immediate revenue benefit to the Sewerage and Water Board of New Orleans but would make it possible to preserve and accomplish the original intents of establishing a fiber optic housing network in the subject area of the CBD once the New Orleans City Council acted upon the franchise request.
The reaction of the New Orleans City Council . . . was to vote on January 31, 2005 at a Special Meeting to employ attorneys and have them file suit on behalf of the New Orleans City Council against the Sewerage and Water Board of New Orleans.
. . . .
After hearing argument of all counsel present, Judge Nadine Ramsey sustained the Sewerage and Water Board of New Orleans' Exception of No Right of Action indicating that the plaintiff, New Orleans City Council, lacked the requisite capacity to sue and dismissed the lawsuit. . . .
Immediately following the decision of the trial court, two (2) very important actions were taken. . . . The first was that Mayor Ray Nagin, who serves as President of the Sewerage and Water Board of New Orleans, with full knowledge that the New Orleans City Council had just been defeated in the trial court in its action against the Sewerage and Water Board of New Orleans, stated publicly that the Sewerage and Water Board of New Orleans would not proceed with the execution of Contract 3636 and that the attorneys for both sides would meet in an effort to construct an acceptable franchise ordinance.
The second important action was that on March 17, 2005 the agreed upon franchise ordinance was approved unanimously by the New Orleans City Council granting the authority to the Sewerage and Water Board of New Orleans to construct its fiber optic housing network through the installation of 26,000 linear feet of new sewer and conduit lines throughout the subject area of the New Orleans Central Business District. By doing so, the New Orleans City Council has effectively rendered its lawsuit moot. However, even though there is no genuine issue to determine with respect to the New Orleans City Council's filing of a lawsuit, which was to enjoin the Sewerage and Water Board of New Orleans from taking action without a franchise, the New Orleans City Council has chosen to take an appeal of the decision from the Civil District Court. [Emphasis supplied.]
The case of St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165 (La.1987), on rehearing, is directly on point. In that case the parties settled after this court granted a writ. Finding the matter moot, this court stated:
The full and final settlement of the entire controversy between the parties raises the question of whether this case is moot and no longer presents a justiciable controversy. It is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies.
In order to avoid deciding abstract, hypothetical or moot questions, courts require that cases submitted for adjudication be justiciable, ripe for decision, and not brought prematurely.
A "justiciable controversy" connotes an existing actual and substantial dispute, as distinguished from one that is *801 merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interest, and upon which the judgment of the court may effectively operate through a decree of conclusive character.
A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. If the case is moot "there is no subject matter on which the judgment of the court can operate." . . .
The doctrine that courts will not hear moot cases serves two complementary purposes: it prevents the useless expenditure of judicial resources and assures that the courts will not intrude prematurely into policymaking in a manner that unnecessarily constrains the other branches of government. Mootness should therefore properly be regarded as rooted in part in the separation of powers, although its application is rooted as well in a rule of self restraint on the theory that the state should not be burdened with expense of litigating insubstantial controversies.
All of the legal questions arising from the controversy between the parties in the present case became moot, abstract or hypothetical upon the settlement of the case. The compromise or settlement of the lawsuit extinguished the original demand or claim and prevents any further action or proceeding thereon. . . .
. . . .
The [United States Supreme Court] has held that although it may become unnecessary or impossible to grant the primary relief originally sought in an action, remaining consequences of the litigation may prevent the case from becoming moot.[[2]]
. . . .
In essence, the parties' object is to elicit from this court an opinion on a question of law that has become academic because of their settlement. . . . It is fundamental in our law that courts sit to administer justice in actual cases and that they do not and will not act on feigned ones, even with the consent of *802 the parties. The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property which are actually controverted in the particular case before it. When in determining such rights, it becomes necessary to give an opinion on a question of law, that opinion may have weight as a precedent for future decisions. But the court is not required to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of the parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty of the court in this regard. [Citations omitted.]
512 So.2d at 1170-1173.
The principles regarding mootness that were thoroughly explained by Justice Dennis in St. Charles Parish School Board v. GAF Corporation are applicable in the instant case. Until the intervention was filed on May 12, 2005, the opposing parties were the Council and the SWB. Those two parties settled their differences via the passage of an ordinance on March 17, 2005, granting the franchise for the laying of 26,000 linear feet of conduits, the amount sought in the SWB's original request for a franchise. Thus, there was no longer a basis for the court to issue an injunction, which was the relief sought by the Council's petition. The suit for injunction was moot before the City intervened in the appellate court proceeding.
The parties had knowledge of the agreement reached by the Council and the SWB in March of 2005, and the appeal of the Council to the fourth circuit should have been withdrawn. Although the appeal was not withdrawn, the appellate court was made aware of the settlement by the SWB in its brief. The SWB judicially admitted the issue was moot.
The opinion of the fourth circuit is absent any reference to the settlement or to the issue of mootness. This oversight was erroneous. Because any justiciable issue had been eliminated by the time this case reached the appellate level, the appellate court should have declined to rule on the case and should have dismissed the appeal. See Chauvin v. Wellcheck, Inc., 05-1571 (La.App. 1 Cir. 6/9/06), 938 So.2d 114 (When the issues raised in the parties' demands are rendered moot, the trial court and the appellate court are without further subject matter jurisdiction.)
Accordingly, we vacate the judgment of the court of appeal without addressing the issues raised by the City or the Council.
JUDGMENT VACATED.
NOTES
[1] At oral argument before this court, both parties agreed that the trial court was in error in stating the Council is not a juridical person, although the attorney for the City did not concede that the Council was authorized to retain its own attorney.
[2] This court gave several examples of injunction cases having remaining consequences:

Liner v. Jafco, Inc., 375 U.S. 301, 304-09, 84 S.Ct. 391, 393-96, 11 L.Ed.2d 347 (1964) (injunctive relief mooted, but liability on indemnity bond remains); but cf. Local No. 8-6, Oil Workers v. Missouri, 361 U.S. 363, 369-70, 80 S.Ct. 391, 395-96, 4 L.Ed.2d 373 (1960) (injunctive relief mooted, remaining penalty provisions severable and subject of separate action). See also University of Texas v. Camenisch, 451 U.S. 390, 393-94, 101 S.Ct. 1830, 1833-34, 68 L.Ed.2d 175 (1981) (injunction moot after student graduated, but the question of whether the University must pay the deaf student's interpreter remained).
These cases are readily distinguishable from the instant case in which nothing remains to be decided following the grant of the franchise. However, in urging this case is not moot, the Council cites Cat's Meow Inc. v. City of New Orleans, 98-0601 (La.10/20/98), 720 So.2d 1186, for the proposition that collateral consequences will allow the court to consider an otherwise moot issue. The Council claims the intervention by the City is just such a consequence. We disagree.
It is significant that the City did not intervene until May 12, 2005, which was after this case became moot because of the settlement reached between the Council and the SWB in March of 2005.