HIGGINBOTHAM, J.
 

 IgThis is an appeal from a partial summary judgment granted in favor of an insurance company on the issue of which Insurance policy provides primary coverage. For the reasons that follow, we dismiss the appeal.
 

 FACTS AND PROCEDURAL HISTORY
 

 This case arises out of a February 8, 2008, rear-end collision allegedly caused by Lindsey Ratcliff, who was operating her personal vehicle while in the course and scope of her employment as a courier for the Gunn & York law firm at the time of the accident. Judy and James Joseph brought a suit for damages against Ratcliff and her liability carrier, Shelter Mutual Insurance Company, as well as the Josephs’ uninsured/underinsured motorist carrier, Allstate Insurance Company. The Josephs subsequently dismissed Allstate, but amended their petition to name Gunn & York and its liability carrier, State Farm Mutual Automobile Insurance Company, as additional defendants.
 

 Shelter, on behalf of Ratcliff, and State Farm, along with its insured, answered the Josephs’ lawsuit, but neither insurer filed a claim against the other. Shelter and State Farm then filed cross-motions for summary judgment on the issue of which insurance policy provided primary coverage and which one provided excess coverage.
 
 [1]
 
 After a hearing on April 12, 2010, the trial court signed a judgment on April 27, 2010, granting a partial summary judgment in favor of State Farm and denying Shelter’s crossjmotion.3 The partial judgment did not dismiss any party from the litigation, nor did it determine liability or the Josephs’ entitlement to damages in any amount. Further, the partial judg
 
 *223
 
 ment was not designated as final by the trial court after making a determination that there was no just reason for delaying an immediate appeal. Although Shelter indicated it intended to apply to this court for supervisory relief and the trial court set an April 26, 2010 deadline for Shelter’s writ application, Shelter did not timely file a writ application for supervisory relief.
 
 [2]
 

 On June 11, 2010, the trial court signed a judgment of dismissal, wherein the Josephs dismissed their claims against all defendants with prejudice.
 
 [3]
 
 In the judgment of dismissal, Shelter specifically reserved its right to appeal the April 27, 2010 grant of partial summary judgment in favor of State Farm and the denial of Shelter’s cross-motion for partial summary judgment. Shortly thereafter, on June 29, 2010, the trial court signed an order of appeal granting Shelter an appeal from the April 27, 2010 partial summary judgment in favor of State Farm.
 

 This court,
 
 ex proprio motu,
 
 issued a rule to show cause order noting that the April 27, 2010 judgment appeared to be a non-appealable ruling. Shelter and State Farm filed a joint reply brief, asserting that the partial summary judgment “essentially dismissed State Farm, meaning it was final |4and appealable without the necessity of a designation of the partial judgment as final and immediately appeal-ablet.]” Further, Shelter and State Farm averred that although the April 27, 2010 partial summary judgment was a non-ap-pealable interlocutory ruling at the time it was rendered, the impediment to Shelter’s appeal of that judgment was removed when the trial court signed the June 11, 2010 judgment adjudicating all the claims and the rights and liabilities of the parties. On November 15, 2010, a writ panel of this court issued an action maintaining Shelter’s appeal.
 

 DISCUSSION
 

 Initially, we are compelled to note that a regular appeal panel has the authority, and indeed the duty, to review, overrule, modify, and/or amend a writ panel’s decision on an issue when, after reconsidering the issue to the extent necessary to determine whether the writ panel’s decision was correct, the appeal panel finds that the writ panel’s decision was in error.
 
 Welch v. Willis-Knighton Pierremont,
 
 45,554 (La.App.2d Cir.11/17/10), 56 So.3d 242, 252. Mere doubt as to the correctness of the prior ruling by a writ panel is not enough to change the prior ruling; only where it is manifestly erroneous or application of the law-of-the-case doctrine would result in an obvious injustice should we overrule or modify the prior ruling.
 
 Id.
 

 Our review of the April 27, 2010 judgment appealed by Shelter, as well as the complete record, leads us to conclude that the writ panel’s previous ruling maintaining this appeal was in error. Furthermore, we note that the discretionary law-of-the-case principle does not bar us from
 
 *224
 
 reconsidering our prior rulings, especially when the previous decision was clearly erroneous and would result in an inappropriate review of a nonjappealable6 judgment.
 
 See Trans Louisiana Gas Co. v. Louisiana Ins. Guar. Ass’n,
 
 96-1477 (La.App. 1st Cir.5/9/97), 693 So.2d 893, 896;
 
 Dodson v. Community Blood Center of Louisiana, Inc.,
 
 633 So.2d 252, 255 (La.App. 1st Cir.1993),
 
 writs denied,
 
 93-3158, 93-3174 (La.3/18/94), 634 So.2d 850, 851. A court’s subject matter jurisdiction is an issue that cannot be waived or conferred by the consent of the parties, as Shelter attempted to do when it specifically reserved its right to appeal the primary coverage issue in the separate judgment of dismissal that was granted after the interlocutory ruling on the cross-motions for partial summary judgment. The issue of subject matter jurisdiction may be raised at any time, even by the court on its own motion, and at any stage of an action,
 
 de Nunez v. Bartels,
 
 97-1384 (La.App. 1st Cir.9/9/98), 727 So.2d 463, 468 n. 5.
 

 This court’s jurisdiction extends to final judgments.
 
 See
 
 LSA-C.C.P. art. 2083. A final judgment must be precise, definite, and certain.
 
 Vanderbrook v. Coachmen Industries, Inc.,
 
 01-0809 (La.App. 1st Cir.5/10/02), 818 So.2d 906, 913. Both Shelter and State Farm argue that it is apparent from the later judgment of dismissal on June 11, 2010, that State Farm was dismissed by the April 27, 2010 partial summary judgment even though the April 27, 2010 judgment did not formally dismiss any party or claim. However, it is impossible to ascertain what parties or claims may have been dismissed by the April 27, 2010 judgment without referring to and reviewing other judgments and pleadings in the record. Therefore, the April 27, 2010 judgment was not precise, definite, or certain. Furthermore, as to partial judgments, LSA-C.C.P. art. 1915 B states, in part:
 

 (1) When a court renders a partial judgment or partial summary judgment ... as to one or more but less than all of the claims, demands, issues, or theories, ... the judgment IfiShall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
 

 (2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purposes of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added.)
 

 In the instant case, the April 27, 2010 partial summary judgment does not terminate any of the parties’ claims, nor does it dismiss any party. The judgment merely adjudicates one issue between two of the defendants — the insurance coverage issue as to which insurance company is primary — and nothing else. Further, the judgment does not contain a designation by the trial court that the judgment is final after an express determination that there is no just reason for delaying an appeal.
 
 See
 
 LSA-C.C.P. art. 1915 B(l). Therefore, the April 27, 2010 partial summary judgment is not a final judgment, and this court lacks jurisdiction to review this matter.
 
 See Latiolais v. Jackson,
 
 06-2403 (La.App. 1st Cir.11/2/07), 979 So.2d 489, 492.
 

 
 *225
 
 We also decline to exercise our plenary power of supervisory jurisdiction, as the merits of the instant case do not meet the criteria set forth by the Louisiana Supreme Court in
 
 Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.,
 
 396 So.2d 878 (La.1981) (per curiam). In particular, the
 
 Herlitz
 
 factors that “a reversal will terminate the litigation” and “the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits” are completely inapplicable due to the settlement |7and the undisputed dismissal of both of the insurance companies from the litigation. Furthermore, because Shelter’s motion for appeal of the April 27, 2010 judgment was filed moré than thirty days after the judgment was rendered and well past the writ application return date set by the trial court, we will not convert the appeal of that judgment to an application for supervisory writs.
 
 See
 
 Rule 4-3 of the Uniform Rules — Courts of Appeal.
 

 The full and final settlement of this litigation after the partial summary judgment was rendered raises the question of whether this case is moot and no longer presents a justiciable controversy.
 
 See Council of City of New Orleans v. Sewerage and Water Bd. of New Orleans,
 
 06-1989 (La.4/11/07), 953 So.2d 798, 800
 
 (quoting St. Charles Parish School Bd. v. GAF Corp.,
 
 512 So.2d 1165, 1170 (La.1987)). It is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies.
 
 In re E.W.,
 
 09-1589 (La.App. 1st Cir.5/7/10), 38 So.3d 1033, 1036. A case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. If the case is moot, there is no subject matter on which the judgment of the court can operate.
 
 Id.,
 
 38 So.3d at 1037. The justiciable controversy must normally exist at every stage of the proceeding, including appellate stages; and when the actual controversy lapses, any judicial pronouncement on the matter would be an impermissible advisory opinion.
 
 Id.
 

 All of the legal questions arising from the controversy between Shelter and State Farm became moot, abstract, or hypothetical upon the settlement of the case. The compromise or settlement of the lawsuit extinguished the Josephs’ original claims and prevents any further action or 1 ¡^proceeding. Therefore, there is no subject matter on which the judgment of this court can operate.
 
 See Council of City of New Orleans,
 
 953 So.2d at 801. In essence, Shelter’s object is to elicit, from this court an opinion on a question of law that has become academic or theoretical because of the settlement of the Josephs’ claims. It is fundamental in our law that courts sit to administer justice in actual cases and that they do not and will not act on feigned ones, even with the consent of some of the parties.
 
 Id.,
 
 953 So.2d at 801-802
 
 (quoting St. Charles Parish School Bd.,
 
 512 So.2d at 1173). No stipulation of the parties or counsel can enlarge the power, or affect the duty of the court in this regard.
 
 Id.,
 
 953 So.2d at 802
 
 (quoting St. Charles Parish School Bd.,
 
 512 So.2d at 1173). Further, we see no facts that warrant an exception to the general rule of the mootness doctrine in this case.
 
 See Cat’s Meow, Inc. v. City of New Orleans Through Dept. of Finance,
 
 98-0601 (La.10/20/98), 720 So.2d 1186, 1197.
 

 CONCLUSION
 

 For the outlined reasons, we find that this court lacks jurisdiction to review the April 27, 2010 partial summary judgment.
 
 *226
 
 Accordingly, we dismiss this appeal at Shelter’s cost.
 

 APPEAL DISMISSED.
 

 [1]
 

 . Due to the Josephs' stipulation that their damages did not exceed $50,000.00, it was undisputed that both of the policies had sufficient limits to satisfy any damages that may be awarded to the Josephs. Further, it was undisputed that the "excess” insurer would not be answerable to the Josephs for any proven damages since the Shelter policy provided bodily injury limits of $50,000.00 per person and $100,000.00 per accident, and the State Farm policy provided a combined single limit of $1,000,000.00 per accident.
 

 [2]
 

 . Uniform Rules — Courts of Appeal, Rule 4-3 provides that the return date for a writ application in civil cases shall not exceed thirty days. An application not filed in the appellate court within the explicit date set or within any extension shall not be considered by the appellate court in the absence of a showing that the delay was not due to the applicant's fault.
 

 [3]
 

 . The judgment of dismissal specifically stated that the Josephs’ claims against Ratcliff, Shelter, and State Farm were all dismissed, but the judgment was silent as to State Farm's insured, Gunn & York. Nevertheless, Shelter and State Farm represented to this court in a joint submission and in their briefs that the June 11, 2010 judgment of dismissal adjudicated all the claims between all the parties pursuant to an out-of-court settlement of the case.