PARRO, J.
1 pThe employee in this workers’ compensation case, Julius E. Bolton (Bolton), appeals an order, denying his request for a temporary restraining order (TRO) to prevent his former employer, Dependable Glass Works, Inc. (Dependable), from taking a deposition of his treating physician, Dr. Patrick J. Glynn. Also pending is a motion to intervene in this appeal filed by Bolton’s attorney, Barry W. Bolton (attorney Bolton), seeking reversal of the court’s $850 assessment against him, personally, payable to Dr. Glynn for his deposition cancellation fee, and its $1500 assessment against him for attorney fees to reimburse Dependable for its cost of defending against the TRO and for participating in a telephone status conference regarding the cancellation of Dr. Glynn’s deposition. For the following reasons, we dismiss the appeal for lack of subject matter jurisdiction.
FACTUAL AND PROCEDURAL BACKGROUND
On May 10, 2010, Bolton filed a disputed claim for compensation, alleging that he had been injured on April 13, 2010, while in the course and scope of his employment with Dependable. He claimed injuries to his back, head, and right arm as the result of a seven-foot fall from a ladder onto glass that broke as he fell. Dependable answered and twice supplemented its answer; it also filed an original and amending reconventional demand against Bolton, alleging he had made material misrepresentations in his claim and should be denied all benefits.[1]
On June 7, 2011, the judge signed a judgment, granting Bolton’s motion for choice of physician for headaches, Dr. Michael A. Braxton, and pretermitting the *828 issue of penalties and attorney fees until trial. That judgment was amended on July 25, 2011, to change the choice of physician to Dr. Patrick J. Glynn.
laWith Dependable’s approval, but before amendment of the judgment, Bolton visited Dr. Glynn on July 7, 2011. Dr. Glynn took a patient history, performed a physical exam, and ordered an MRI and EEG. Dr. Glynn’s notes from that visit indicated that the results of those tests, plus additional medical records he had requested from the Veterans Administration, would allow him to obtain a clearer picture of Bolton’s history and condition.
Dependable then noticed the deposition of Dr. Glynn for August 2, 2011, prior to approving the MRI and EEG ordered by Dr. Glynn. On July 27, 2011, Bolton filed a motion for contempt, alleging that Dependable had denied Bolton’s requests for the tests and follow-up visits with Dr. Glynn, for which it should be held in contempt of court for failing to comply with the court’s order concerning his choice of physician. Bolton also requested a TRO to prevent Dependable from: (1) interfering with his visits to Dr. Glynn; (2) forwarding medical information concerning him to Dr. Glynn in an attempt to influence the doctor’s decisions; and (3) setting up “premature depositions” with Dr. Glynn, before the doctor had a chance to receive and evaluate the tests he had ordered. Dependable opposed the motion, claiming it had not denied permission for the tests, but wished to take Dr. Glynn’s deposition before those tests were conducted in order to find out whether there was a reasonable basis for the tests and whether he had formed any opinion about causation.
A telephone status conference was held with the judge and the attorneys for both sides on the morning of August 2, 2011, during which Bolton’s request for cancellation of Dr. Glynn’s deposition was discussed. Following that conference, the court ordered the cancellation of Dr. Glynn’s August 2, 2011 deposition, scheduled a hearing on Bolton’s motions for August 8, 2011, and ordered that, in the event Bolton did not prove entitlement to a TRO, his attorney would be cast in judgment for the $350 deposition cancellation fee and all attorney fees incurred by Dependable for defense of the motion.
|4Following the August 8 hearing, the court entered an order, stating:
IT IS ORDERED THAT:
1. Claimant Julius Bolton’s Motion for TRO [preliminary injunction] is DENIED; and
2. Claimant’s Motion for additional medical testing of MRI and EEG by his treating physician Dr. Patrick Glynn is GRANTED; and
3. Defendant Dependable Glass Works Inc. is entitled to take Dr. Patrick Glynn’s deposition on August 18, 2011 at 8:00 a.m.; and
4. Pursuant to the Order of August 2, 2011, and for claimant’s failure to prevail on the TRO heard on August 8, 2011:
a) Claimant’s attorney Barry Bolton is personally assessed the $350.00 cancellation fee required by Dr. Patrick Glynn for the cancellation of his deposition on August 2, 2011; and
b) Since the $350.00 cancellation fee has already been deducted from the $750.00 fee paid by the defendant for Dr. Patrick Glynn’s deposition set for August 2, 2011, claimant’s attorney must personally pay the $350.00 to Dr. Patrick Glynn no later than August 17, 2011 for the deposition set for August 18, 2011. Failure to *829 pay timely shall result in this entire matter being “stayed” until it is paid; and
c) Barry Bolton, claimant’s attorney, is personally assessed $1500.00 in attorney fees payable to defendant Dependable Glass Works, Inc. for attorney fees defending against the TRO and the phone status conference with Judge on stopping deposition of Dr. Patrick Glynn.
The order was rendered and signed on August 12, 2011. Bolton filed a motion to reconsider this order, which was denied. Bolton then filed a motion for appeal. The judge granted the motion for a devolutive appeal and ordered the case stayed pending appeal, pursuant to LSA-C.C.P. art. 3612(B).
Attorney Bolton filed a motion to intervene in the appeal, seeking reversal of the sanctions imposed on him. A panel of this court referred the motion to intervene to the panel assigned to address the merits of the appeal. Bolton v. Dependable Glass Works, Inc., 11-1998 (La.App. 1st Cir.2/13/12) (unreported action on civil motion).
ANALYSIS
A court’s subject matter jurisdiction is an issue that cannot be waived or conferred by the consent of the parties. The issue of subject matter jurisdiction may be raised at any time, even by the court on its own motion, and at any stage of an action. Joseph v. Ratcliff, 10-1342 (La.App. 1st Cir.3/25/11), 63 So.3d 220, 224. Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Motorola, Inc. v. Associated Indem. Corp., 02-0716 (La.App. 1st Cir.4/30/03), 867 So.2d 715, 717.
According to LSA-C.C.P. art. 3612(A), there “shall be no appeal from an order relating to a temporary restraining order.” Although the court’s order stated that the “Motion for TRO [preliminary injunction] is DENIED,” in actuality, Bolton’s motion never went beyond the TRO stage. Once a motion for a TRO has been filed, it is only after the TRO has been granted that the court would consider whether a preliminary injunction should be granted. See LSA-C.C.P. art. 3606. In this case, the court simply denied the TRO and imposed sanctions on Bolton’s attorney. Because this matter never reached the point of considering whether a preliminary injunction should be granted, this appeal is not one that could be taken as a matter of right from an order or judgment relating to a preliminary injunction, pursuant to Article 3612(B). Therefore, since there is no right to appeal under Article 3612(A), this court has no subject matter jurisdiction over this appeal, and the motion to intervene in the appeal is moot.
CONCLUSION
Based on this court’s lack of subject matter jurisdiction over this appeal relating to a temporary restraining order, we dismiss the appeal and deny the motion to intervene in the appeal as moot. All costs of this appeal are assessed equally to Julius E. Bolton and Barry W. Bolton.
MOTION DENIED; APPEAL DISMISSED.

. According to the briefs submitted to this court in connection with this appeal, Bolton filed a second disputed claim for compensation regarding the same incident, in which Dependable eventually filed a motion for summary judgment. That motion was granted as to Bolton's back injury, but denied as to his other claims, including those related to his head injury and/or headaches, in a judgment signed June 9, 2011. The appeal of that judgment to this court was dismissed on Dependable's motion on January 30, 2012, because the judgment was not a partial final judgment and had not been designated as final under LSA-C.C.P. art. 1915(B). See Bolton v. Dependable Glass Works, Inc., 11-1535 (La.App. 1st Cir. 1/30/12) (unreported action on civil motion). None of the pleadings relating to the second disputed claim for compensation are in the record in this appeal. However, our court records confirm the dismissal of that appeal on January 30, 2012. As a result of that dismissal, the only remaining claims in this case concern Bolton’s headaches and memory loss.