GUIDRY, J.
*569 Plaintiffs/appellants, Atchafalaya Basinkeeper, Louisiana Bucket Brigade, and 350 New Orleans, appeal from a judgment of the trial court sustaining an exception raising the objection of no cause of action filed by defendants, Bayou Bridge Pipeline, LLC and Chris Martin. For the reasons that follow, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
On December 6, 2017, plaintiffs sent Bayou Bridge Pipeline (BBP) a written request for any and all public records related to the proposed Bayou Bridge Pipeline. Plaintiffs directed the public records request to BBP on the grounds that the company has claimed authority to expropriate private property in Louisiana pursuant to "common carrier" status under La. R.S. 45:251(1) and was functioning as an instrumentality of the government and therefore subject to the Louisiana Public Records Act. BBP, however, disagreed that it was subject to the Public Records Act or that it was obligated to produce the records requested.
Thereafter, when BBP failed to produce the records requested, plaintiffs filed a petition for writ of mandamus under the Louisiana Public Records Act, naming BBP and Chris Martin, President of BBP, as defendants. Plaintiffs requested that a writ of mandamus be issued directing BBP to disclose the records requested or show cause why they should not be ordered to do so as well as attorney's fees, costs, damages, and civil penalties. Defendants responded by filing an answer and asserting several exceptions. Particularly, defendants asserted that plaintiffs do not have a cause of action in mandamus for performance of a public duty, because (1) such an action lies only against a public officer and not against a limited liability company and (2) BBP is not a public body with a custodian under La. R.S. 44:1.
On January 25, 2018, the trial court held a hearing on plaintiffs' petition for mandamus and took up defendants' exception raising the objection of no cause of action. The trial court issued an oral ruling sustaining the exception and thereafter signed an order on February 5, 2018, in conformity with its ruling and giving plaintiffs fifteen days from the date of the hearing to amend the petition to state a cause of action and ordering that if plaintiffs fail to amend the petition to state a cause of action, the action shall be dismissed, with prejudice.
Plaintiffs filed a motion and order for appeal of the February 5, 2018 order, which the trial court granted on February 26, 2018. However, this court, on March 28, 2018, issued a rule to show cause, stating that the February 5, 2018 order appears to be a non-appealable judgment because it contains conditional language. Thereafter, on May 29, 2018, the trial court signed another judgment, stating that plaintiffs had failed to amend the petition within the time provided by the court and dismissed plaintiffs' action with prejudice. The plaintiffs supplemented the appellate record with this judgment, and a separate writ panel of this court maintained plaintiffs' appeal. Thereafter, defendants filed a motion to dismiss the appeal, asserting that the plaintiffs have no right to appeal from the February 5, 2018 order, because it is not a final appealable judgment and further that this court lacks appellate jurisdiction to review the trial court's May 29, 2018 judgment dismissing plaintiffs' action because plaintiffs did not move to appeal from that judgment.
DISCUSSION
In opposing defendants' motion to dismiss the appeal, plaintiffs contend *570 that this court, and the parties, are bound by the writ panel's March 28, 2018 order maintaining the appeal. However, this court has held that a regular appeal panel has the authority, and indeed the duty, to review, overrule, modify, and/or amend a writ panel's decision on an issue when, after reconsidering the issue to the extent necessary to determine whether the writ panel's decision was correct, the appeal panel finds that the writ panel's decision was in error. Joseph v. Ratcliff, 10-1342, p. 4 (La. App. 1st Cir. 3/25/11), 63 So.3d 220, 223. Mere doubt as to the correctness of the prior ruling by a writ panel is not enough to change the prior ruling; only where it is manifestly erroneous or application of the law of the case doctrine would result in an obvious injustice should we overrule or modify the prior ruling. Joseph, 10-1342 at p. 4, 63 So.3d at 223. Furthermore, the discretionary law of the case principle does not bar us from reconsidering our prior rulings, especially when the previous decision was clearly erroneous and would result in an inappropriate review of a non-appealable judgment. Joseph, 10-1342 at pp. 4-5, 63 So.3d at 223-224.
This court's jurisdiction extends to final judgments and interlocutory judgments expressly provided by law. La. C.C.P. art. 2083. A ruling that sustains a peremptory exception and allows a period of time for an amendment of the petition is not a final judgment or an appealable interlocutory judgment. B.G. Mart, Inc., v. Jacobsen Specialty Services, Inc., 16-675, pp. 1-2 (La. App. 5th Cir. 2/8/17), 213 So.3d 1238, 1239 ; see also Shahla v. City of Port Allen, 601 So.2d 746, 750 (La. App. 1st Cir. 1992).
In the instant case, the plaintiffs filed a motion to appeal only as to the February 5, 2018 order, which sustained the defendants' exception raising the objection of no cause of action and gave plaintiffs fifteen days from the date of the hearing to amend the petition to state a cause of action. This order, therefore, clearly is not a final appealable judgment, and the writ panel's previous ruling maintaining the appeal was in error. Furthermore, because plaintiffs failed to appeal from the trial court's May 29, 2018 judgment sustaining defendants' exception raising the objection of no cause of action and dismissing plaintiffs' action with prejudice, this court lacks appellate jurisdiction to review that judgment.
Therefore, for the foregoing reasons, we dismiss the appeal and assess all costs of this proceeding to plaintiffs, Atchafalaya Basinkeeper, Louisiana Bucket Brigade, and 350 New Orleans.
APPEAL DISMISSED.