## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0054

FLORIDA GAS TRANSMISSION COMPANY

VERSUS

TEXAS BRINE COMPANY, LLC, ET AL.

Judgment Rendered: **JAN 0 6 2020**

\*\*\*\*\*\*\*\*

Appealed from the 23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Case No. 34,316

The Honorable Thomas J. Kliebert, Jr., Judge Presiding

\*\*\*\*\*\*\*\*

Leopold Z. Sher
James M. Garner
Peter L. Hilbert, Jr.
Jeffrey D. Kessler
David A. Freedman
New Orleans, Louisiana

Robert Ryland Percy, III
Gonzales, LA

Attorneys for Third-Party
Plaintiff/Appellant,
Texas Brine Company, LLC

Roy C. Cheatwood
Kent A. Lambert
Adam B. Zuckerman
Colleen C. Jarrrott
Matthew S. Chester
Matthew C. Juneau
New Orleans, Louisiana

Tony M. Clayton
Port Allen, Louisiana

Attorneys for Third-Party
Defendant/Appellee
Vulcan Materials Company

\*\*\*\*\*\*\*\*

**BEFORE: McDONALD, THERIOT, AND PENZATO, JJ.**

**PENZATO, J.**

Texas Brine Company, LLC (Texas Brine), appeals a September 7, 2017 judgment sustaining a declinatory exception raising the objection of *lis pendens* filed by Vulcan Materials Company (VMC), as a third-party defendant. The judgment dismissed "any and all claims, demands, and/or allegations asserted by [Texas Brine] against VMC ... **WITHOUT PREJUDICE**[,] in favor of the first-filed set of claims and demands in related case ..." without declaring which of the multiple sinkhole cases was the first-filed suit. For the following reasons, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background of this litigation is well known to both this court and the parties. However, we briefly reiterate the background in order to place the present case in its proper context. This appeal relates to one of multiple lawsuits against Texas Brine filed after the development of a sinkhole in August 2012 near Bayou Corne in Assumption Parish, Louisiana. As a result of damages arising out of the formation of the sinkhole, Texas Brine was sued in several lawsuits brought by numerous plaintiffs. In this suit, Florida Gas Transmission Company, LLC (Florida Gas) originally sued Texas Brine claiming Texas Brine's negligent mining operation of a salt cavern caused the sinkhole that damaged Florida Gas's pipeline facilities. In response, in this suit and in other sinkhole suits, Texas Brine filed duplicative third-party demands against multiple defendants, including VMC, seeking indemnification, contribution, and reimbursement for response costs and expenses.

As the litigation progressed in each of the separate lawsuits, some of the third-party defendants, including VMC, filed declinatory exceptions of *lis pendens*. VMC sought the dismissal of all claims, demands, and/or allegations asserted by Texas Brine against it. VMC maintained that any claims, demands, and/or

allegations made by Texas Brine against it in the present suit should be dismissed, claiming that the first-filed sinkhole related lawsuit is *Marchand v. Texas Brine Company, LLC*, No. 34,270, Div. "A", 23rd Judicial District Court, Parish of Assumption. The district court granted VMC's declinatory exception of *lis pendens* on September 7, 2017. After the dismissal of VMC, this case and two other cases (*Crosstex Energy Services, LP, et al. v. Texas Brine Company, LLC, et al.*, No. 34,202 (23rd JDC) and *Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, No. 34,265 (23rd JDC)), known as the "Pipeline Cases" were jointly tried in a Phase I liability trial in September, October, and November of 2017, with fault being apportioned among three defendants. After motions for new trial were filed, the district court signed a judgment on April 18, 2018, reapportioning fault among six parties.

The September 7, 2017 judgment sustained the exception of *lis pendens*, and dismissed without prejudice any and all claims, demands, and/or allegations asserted by Texas Brine against VMC. However, even though the parties clearly disputed which of the pending lawsuits constituted the first-filed suit where Texas Brine's duplicative third-party demands should be heard, and the issue was squarely before the trial court, no determination was made in the judgment. The district court actually struck through all of the language in the judgment pertaining to the identification of the first-filed suit.

Texas Brine originally filed a supervisory writ from the September 7, 2017 judgment sustaining VMC's declinatory exception of *lis pendens*. This court granted Texas Brine's writ application for the limited purpose of remanding to the district court with instructions to grant Texas Brine an appeal, since the September 7, 2017 judgment was determined to be a final, appealable judgment pursuant to La. C.C.P. art. 1915(A)(1). *Florida Gas Transmission, Co., LLC v. Texas Brine Company, LLC, et al.*, 2018-0378 (La. App. 1st Cir. 6/25/18), 2018 WL 3126097

3

(unpublished). The district court granted Texas Brine a devolutive appeal on August 9, 2018.

This court issued a show cause order on June 28, 2019, stating that the September 7, 2017 judgment appeared to be ambiguous as to the specific relief granted and was therefore non-appealable, since the district court had made no determination as to what constituted the "first-filed set of claims and demands" as stated in the judgment. Further, this court noted that the determinations of the district court should be evident from the language of the judgment itself without reference to other documents in the record. VMC and Texas Brine filed responses to our show cause order, with Texas Brine agreeing that the judgment on appeal is not a valid final judgment. Texas Brine requested either that the matter be dismissed or that the matter be remanded to the district court for further proceedings on the *lis pendens* issues between Texas Brine and VMC. VMC directed this court's attention to *Crosstex Energy Services, LP, et al. v. Texas Brine Company, LLC, et al.*, 2018-1788 (La. App. 1st Cir. 8/29/19), 2019 WL 4073384 (unpublished), where Texas Brine filed an appeal challenging an identical 2017 judgment granting VMC's *lis pendens* exception. Texas Brine filed an exception of lack of appellate jurisdiction, seeking to dismiss its own appeal, which this court granted finding that the judgment was not a final, appealable judgment. *Crosstex Energy Services, LP*, 2019 WL 4073384, at *1.

## DISCUSSION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. *Texas Gas Exploration Corp. v. Lafourche Realty Company, Inc.*, 2011-0520 (La. App. 1st Cir. 11/9/11), 79 So. 3d 1054, 1059, *writ denied*, 2012-0360 (La. 4/9/12), 85 So. 3d 698. Initially, we note that this court is not bound by a writ panel's previous action. A regular appeal panel has the authority, and indeed the duty, to review, overrule, modify, and/or

4

amend a writ panel's decision on an issue when, after reconsidering the issue to the extent necessary to determine whether the writ panel's decision was correct, the appeal panel finds that the writ panel's decision was in error. *Joseph v. Ratcliff*, 2010-1342 (La. App. 1st Cir. 3/25/11), 63 So. 3d 220, 223. Mere doubt as to the correctness of the prior ruling by a writ panel is not enough to change the prior ruling; only where it is manifestly erroneous or application of the law of the case doctrine would result in an obvious injustice should we overrule or modify the prior ruling. *Id.* Additionally, the discretionary law of the case principle does not bar us from reconsidering our prior rulings, especially when the previous decision was clearly erroneous and would result in an inappropriate review of a non-appealable judgment. *Id.* at 223-24.

This court's jurisdiction extends to final judgments and interlocutory judgments as expressly provided by law. *See* La. C.C.P. art. 2083. A final appealable judgment must contain decretal language and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Further, a valid judgment must be precise, definite, and certain. These determinations should be evident from the language of the judgment without reference to other documents in the record. In the absence of a valid final judgment, this court lacks subject matter jurisdiction. *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046-47 (en banc). In this case, it is not possible to determine, from the language of the judgment alone, what constitutes the "first-filed set of claims and demands," as referenced in the judgment. The "first-filed set of claims and demands" is clearly disputed by the parties and was the key issue that should have been decided by the district court. Accordingly, this court is unable to determine the exact relief that is granted or denied by the judgment. We find that the indefinite judgment is not a final, appealable judgment. Thus, we lack

subject matter jurisdiction to consider this appeal. *See Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 2018-0419 (La. App. 1st 6/26/19), 280 So. 3d 792, 796, *writ denied*, 2019-01125 (La. 7/17/19), 277 So. 3d 1180; *See also Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 2018-0435 (La. App 1st 6/26/19), 280 So. 3d 652, 655. Moreover, to the extent that a writ panel's previous ruling in this matter may have indicated otherwise, we find that we are not bound by that unpublished writ action.

In response to this court's rule to show cause, Texas Brine asserts that if this court lacks appellate jurisdiction, we should await final determination of the suit before assessing costs. We deny Texas Brine's request. *See Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 2018-0493 (La. App. 1st Cir. 9/27/19), 2019 WL 4727543, *1; *Crosstex Energy Services, LP*, 2019 WL 4073384 at *1 (denying Texas Brine's request that we await a final determination of the entire underlying suit before assessing costs when there was no valid, final judgment); *see also Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 2018-0492 (La. App. 1st 9/27/19), ___ So. 3d at ___, 2019 WL 4727542, *2; *Pontchartrain Natural Gas System*, 280 So. 3d at 796; *Pontchartrain Natural Gas System*, 280 So. 3d at 655 (dismissing the appeal for lack of appellate jurisdiction and assessing all costs of the appeal to Texas Brine).

## CONCLUSION

For the stated reasons, we dismiss this appeal for lack of subject matter jurisdiction. Additionally, because we dismiss the appeal for lack of jurisdiction, we pretermit ruling on the motion to consolidate appeals filed by Vulcan Materials Company. We assess all costs of this appeal to appellant/third-party plaintiff, Texas Brine Company, LLC.

**APPEAL DISMISSED; RULING ON MOTION TO CONSOLIDATE PRETERMITTED.**