STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0815

2018 CW 1762

KRISTINE RUSSELL, IN HER OFFICIAL CAPACITY AS DISTRICT
ATTORNEY FOR LAFOURCHE PARISH

VERSUS

JAMES B. CANTRELLE, IN HIS OFFICIAL CAPACITY AS
LAFOURCHE PARISH PRESIDENT; AND
BRENT ABADIE, INDIVIDUALLY

Judgment Rendered: **MAY 1 1 2020**

* * * * * * *

On Appeal from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
No. 136896

Honorable F. Hugh LaRose, Judge Presiding

* * * * * * *

Kristine Russell                          Attorneys for Plaintiff/Appellee,
District Attorney                         Kristine Russell, in her capacity as
Joseph S. Soignet                         District Attorney for Lafourche Parish
Lisa Orgeron
Assistant District Attorneys
Thibodaux, Louisiana


James A. Cobb, Jr.                        Attorneys for Defendant/Appellant,
Jennifer C. Deasy                         James B. Cantrelle, Lafourche
New Orleans, Louisiana                    Parish President, and Brent Abadie,
                                          Individually


* * * * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**PENZATO, J.**

James B. Cantrelle, in his official capacity as Lafourche Parish President, and Brent Abadie, individually, appeal a declaratory judgment and a judgment denying a motion in limine. For the following reasons, we dismiss the appeal and deny, as moot, the writ application that was referred to this panel.

## FACTS AND PROCEDURAL HISTORY

The Lafourche Parish Government is a political subdivision operating in Lafourche Parish and governed by a Home Rule Charter. The Home Rule Charter provides for the office of the Administrator. On August 29, 2018, the Parish President, James B. Cantrelle, appointed Brent Abadie to serve as Administrator in an interim capacity. Subsequently, the Parish President submitted Mr. Abadie to the Lafourche Parish Council as his nomination for Administrator in a permanent capacity. A vote on Mr. Abadie's nomination was held at a special meeting of the Council on October 1, 2018, and Mr. Abadie's nomination failed. Thereafter, the Parish President advised the Council that Mr. Abadie would continue to serve as interim Administrator.

On October 19, 2018, Kristine Russell, in her official capacity as District Attorney for Lafourche Parish, filed suit against Mr. Cantrelle, in his official capacity as the Parish President, and Mr. Abadie, individually (collectively "defendants"), seeking a declaratory judgment finding the actions of the Parish President in maintaining Mr. Abadie as interim Administrator to be a violation of Article III, Section 3(D)(5) of the Home Rule Charter.[1] The District Attorney also

---

[1] Article III, Section 3(D)(5) of the Home Rule Charter provides:

2

sought a preliminary injunction enjoining Mr. Abadie from continuing as Administrator and from taking any further action in that role.

Defendants filed exceptions raising the objections of no right of action, no cause of action, and prematurity as to the preliminary injunction portion of the suit.[2] At a hearing on November 16, 2018, the trial court denied all of defendants' exceptions and granted a preliminary injunction enjoining Mr. Abadie from performing any acts as Administrator. A judgment was signed on December 5, 2018.[3]

Thereafter, defendants answered the District Attorney's petition for declaratory judgment and filed a reconventional demand seeking declaratory relief

---

A newly elected or re-elected President shall within sixty (60) days after assuming office, submit nominations for the Administrator and the heads of all departments, except Civil Service, to the Council for confirmation. Within thirty (30) days after the President makes the nomination, the Council shall vote to confirm or reject each nomination by resolution. If a nomination for Administrator or head of a department is confirmed by the Council, the person confirmed shall assume the office and serve thereafter at the pleasure of the President, unless removed by the Council as provided for in this Charter. If a nomination for Administrator or head of a department is rejected by the Council, the person rejected shall not assume the office to which nominated, and the President shall submit a new nomination within sixty (60) days after the date of the rejection. The person rejected shall not be eligible for re-nomination for the position involved for a period of six (6) months after the date of the rejection vote. The President may appoint an interim Administrator or department head who shall serve until a permanent Administrator or department head is confirmed. If a vacancy occurs in the office of Administrator or any department head after a person has been initially confirmed in that position, the President shall submit a nomination to fill the vacancy to the Council within sixty (60) days after the date on which the vacancy occurs. The Council shall act on the nomination within thirty (30) days thereafter.

[2] In the exception raising the objection of no right of action, the Parish President asserted that the District Attorney was ethically prohibited from suing him, alleging that he was her client pursuant to La. R.S. 16.2(E) and 42:261(A). In the exception raising the objection of no cause of action, Mr. Abadie asserted that the District Attorney had not stated a cause of action against him individually, alleging that the suit, on its face, sought a declaration of the meaning of the Charter and the Parish President's decision to keep him as the interim Administrator. Lastly, in the exception raising the objection of prematurity, both the Parish President and Mr. Abadie alleged that the District Attorney's request for a preliminary injunction based on entitlement to further relief under La. C.C.P. art. 1878 in a declaratory judgment action was premature because a declaratory judgment had not been rendered.

[3] Defendants appealed the granting of the preliminary injunction. This court dismissed the appeal as moot. See *Russell v. Cantrelle*, 2019-0284 (La. App. 1 Cir. 2/21/20), 2020 WL 859515 (unpublished). Defendants also sought supervisory review of the denial of their exceptions. By order dated January 8, 2019, defendants' writ was referred to the panel to which the yet to be lodged appeal was assigned.

regarding the authority of the Parish President to maintain Mr. Abadie as interim Administrator and the role of the District Attorney with respect to the executive branch of the Lafourche Parish Government. Defendants also filed a motion in limine seeking to strike the District Attorney's argument based on purported witnesses to the drafting or adoption of the Lafourche Parish Home Rule Charter.

On January 15, 2019, the matter came before the trial court for a hearing on the District Attorney's declaratory judgment and defendants' motion in limine and reconventional demand. The trial court denied defendants' motion in limine and took the remaining matters under advisement. On February 13, 2019, the trial court signed a judgment denying defendants' motion in limine. On the same date, the trial court also issued reasons for judgment and signed a judgment decreeing that the actions of the Parish President in maintaining Mr. Abadie as interim Administrator following his rejection by the Council for that position, and Mr. Abadie's continued assumption of the office of Administrator since October 1, 2018, violated Article III, Section 3(D)(5) of the Home Rule Charter of Lafourche Parish; that declaratory relief regarding whether the Council has authority to terminate an interim Administrator appointed by the Parish President, whether the Council's rejection of a President's nominee can ever terminate that individual's prior appointment as interim Administrator, and whether the Council's simple majority vote to reject Mr. Abadie's nomination was sufficient to effect his termination as interim Administrator could not be granted because a proper party had not been joined; and that La. R.S. 16:2(E)[4] appoints the District Attorney of Lafourche Parish as the regular attorney and counsel for the parish governing

_____

[4] Louisiana Revised Statutes 16:2(E) states:

4

authority and the District Attorney has a legal relationship with the executive branch of the Lafourche Parish Government. The February 13, 2019 judgment was amended by judgment signed April 8, 2019, to indicate the judgment was final.

Defendants appeal the April 8, 2019 amended judgment and the February 13, 2019 judgment denying their motion in limine, and also seek review of the denial of their exceptions.[5] Defendants contend that the trial court erred in:

1. Overruling their exception of no right of action because the District Attorney is ethically prohibited from suing her client, the Parish President; lacks standing; and admitted she has no interest in a declaratory judgment interpreting the Home Rule Charter of Lafourche Parish;

2. Denying Mr. Abadie's exception of no cause of action because the District Attorney's objective to enjoin him from performing any duties of his appointed office does not state a claim against him individually;

3. Denying their exception of prematurity and in issuing a preliminary injunction despite the District Attorney's failure to satisfy the criteria of La. C.C.P. arts. 1878 and 3601;

4. Leaving the executive branch of the Lafourche Parish Government with no lawyer at all by failing to recognize the nature or consequence of the "legal relationship" created by La. R.S. 16:2(E);

5. Refusing declaratory relief to them and misinterpreting the Home Rule Charter to erroneously find that their actions following the Council's rejection of Mr. Cantrelle's nomination of Mr. Abadie to serve as permanent Administrator violated the Charter; and

6. Denying their motion in limine, which further tainted the trial court's statutory interpretation of the Charter in violation of separation of powers principles.

---

In the parish of Lafourche, the district attorney shall ex officio and without extra compensation, general or special, be the regular attorney and counsel for the parish governing authority, the school board, and every state board or commission domiciled therein, including levee boards, hospital and asylum boards, education boards, and all state boards or commissions the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority.

[5] When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to review of the final judgment appealed. *Young v. City of Plaquemine*, 2004-2305 (La. App. 1 Cir. 11/4/05), 927 So. 2d 408, 411.

**DISCUSSION**

While the instant appeal was pending, an election was held on November 16, 2019, wherein Archie P. Chaisson, III, was elected Lafourche Parish President.[6] As of January 1, 2020, Mr. Cantrelle no longer held the office of Lafourche Parish President. This court was advised by letter filed January 3, 2020, that Mr. Chaisson, in his official capacity as Lafourche Parish President, no longer wished to pursue the pending appeal. In his letter, Mr. Chaisson explained, "Since we will be appointing all new Department Heads including the Parish Administrator this issue is not applicable to my administration." Thus, we must consider whether this appeal has been rendered moot, such that this court lacks subject matter jurisdiction.

It is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. *Joseph v. Ratcliff*, 2010-1342 (La. App. 1 Cir. 3/25/11), 63 So. 3d 220, 225. A case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. If the case is moot, there is no subject matter on which the judgment of the court can operate. *Id.* The justiciable controversy must normally exist at every stage of the proceeding, including appellate stages; and when the actual controversy lapses, any judicial pronouncement on the matter would be an impermissible advisory opinion. *Id.*

For a court to entertain an action for declaratory relief, there must be a justiciable controversy and the question presented must be real and not theoretical. *American Waste & Pollution Control Company v. St. Martin Parish Police Jury*, 627 So. 2d 158, 162 (La. 1993). Consequently, a declaratory action cannot generally be maintained unless it involves some specific adversary question or

---

[6] This court can take judicial notice of the facts regarding the election of a new parish president. See La. C.E. art. 201; *Alvin Fairburn & Assocs., LLC v. Grimmer*, 2011-1896 (La. App. 1 Cir. 5/2/12), 2012 WL 1550588, *1 n.1 (unpublished).

controversy asserted by interested parties and based on existing state of facts. *Id.* A court must refuse to entertain an action for a declaration of rights if the issue presented is academic, theoretical, or based on a contingency which may or may not arise. *Id.*

However, some exceptions to the mootness doctrine have been recognized. When a defendant has voluntarily ceased complained-of conduct, a court should consider: (1) whether there is any reasonable expectation that the alleged violation will recur; and/or (2) whether there are unresolved collateral consequences (such as an outstanding claim for compensatory or other monetary relief). *In re C.C.*, 2015-0140 (La. App. 1 Cir. 12/23/15), 2015 WL 9435190, *3 (unpublished), writs denied, 2015-2251 (La. 12/23/15), 184 So. 3d 687 and 2016-0197 (La. 3/4/16), 188 So. 3d 1055, writ not considered, 2016-1304 (La. 7/12/16), 194 So. 3d 1130.

In the instant case, the current Lafourche Parish President, Mr. Chaisson, has indicated the issues presented in the declaratory judgments are no longer applicable. Thus, the legal questions arising from the controversy between the District Attorney and Mr. Cantrelle, in his official capacity as the Parish President, and Mr. Abadie, became moot, abstract, or hypothetical when Mr. Chaisson assumed the office of Parish President. Therefore, there is no subject matter on which the judgment of this court can operate. See *Joseph*, 63 So. 3d at 225. Moreover, under the facts presented, there are no circumstances that would warrant an exception to the general rule of mootness. See *Id.*

Thus, as the appeal presents no justiciable controversy or claim for relief, this court lacks jurisdiction to consider it. Accordingly, we must dismiss the appeal. We likewise deny as moot the writ application referred to this panel.

## CONCLUSION

For the above reasons, this appeal is dismissed and the writ is denied as moot. Costs of this appeal in the amount of $1,583.30 are assessed against James

7

B. Cantrelle, in his official capacity as Lafourche Parish President, and Brent Abadie, individually.

**APPEAL DISMISSED; WRIT DENIED AS MOOT.**