J^FOIL, J.
This succession matter involves a dispute between the decedent’s surviving spouse and her three children from a previous marriage. For the reasons that follow, we reverse in part, affirm in part and render.
FACTS AND PROCEDURAL BACKGROUND
Leah Heitkamp Richaud died testate on May 16, 1999, survived by her husband, Ronald J. Richaud, and three daughters from a previous marriage, Rana DaSilva, Devon DaSilva Roberts, and Arlissa DaSil-va Ferrara. At the time of her death, Mrs. Richaud’s children were each competent and over the age of 23 years. In her last will and testament dated June 25, 1998, Mrs. Richaud bequeathed the entirety of her estate and the residuary estate to her three daughters. The will named her daughter Rana DaSilva as executrix with full seizin and without bond. Mrs. Ri-chaud’s surviving spouse was not mentioned in the will.
Thereafter, Rana DaSilva was confirmed as testatrix. She filed a petition for probate and the will was ordered probated. The surviving spouse, however, refused to turn over the property of the decedent, claiming he had a usufruct over the community property of his deceased wife. As such, a petition for declaratory judgment, a temporary restraining order, and a preliminary and permanent injunction was filed on behalf of the succession, seeking to protect the succession property and to require the surviving spouse to turn over the property to the executrix. Following a hearing on the request for a preliminary injunction, the trial court denied the same, finding that the legal effect of the will was that the surviving spouse was entitled to a statutory legal usufruct.
The surviving spouse subsequently filed a reconventional demand, asking the court to declare that he is entitled to a legal usufruct over the decedent’s share of the community property. The heirs then filed a motion for security, asking the court to require the surviving spouse to post security to protect their interests.
^Following a trial on the merits, the trial court rendered judgment recognizing that the surviving spouse has a legal usu-fruct over the decedent’s share of the community property until his death or remarriage. The court dismissed the request for permanent injunction. On the motion for security, the court ordered the surviving spouse to provide security and further imposed several restrictions and prohibitions. Both the heirs and the surviving spouse appealed.
DISCUSSION

Usufruct

On appeal, the heirs contend that, where the express language of a statutory *655 will explicitly leaves the entire estate and residuary estate to the decedent’s three children and makes no mention whatsoever of the surviving spouse, it is manifest error to hold there is a “legal” usufruct in favor of the surviving spouse. They further assert that the trial court erred in failing to grant a declaratory judgment and permanent injunction against the surviving spouse, who is illegally attempting to assert an intestate usufruct in a testate succession and usurp control of the decedent’s estate.
In response, the surviving spouse argues that under Louisiana jurisprudence, he is entitled to a legal usufruct where the decedent leaves a statutory will leaving all of her property to her children, but not expressly granting or denying a usufruct to her surviving spouse.
We agree with the heirs that the surviving spouse is not entitled to a usufruct under the facts of this case. La. Civ.Code art. 890 establishes a usufruct in favor of a surviving spouse, which is recognized by our courts as a legal usufruct. Under the clear wording of that article, however, it only establishes a usufruct to the extent that the decedent has not disposed of her share of the community property by testament. This case involves a testate succession and, thus, is governed under the Civil Code Title “Of donations inter vivos and mortis causa.” La. Civ.Code art. 1499, which is found in that title, provides that “the decedent may grant a usufruct to the 1 ¿surviving spouse over all or part of his property.” [Emphasis added.] Here, the decedent apparently chose not to do so. Rather, she left her entire estate to her three daughters. In her will, the testatrix dispensed with collation and explicitly named her daughter, Rana DaSilva, as executrix with full seizin and without the necessity of posting a bond.
The surviving spouse argues that “the adverse disposition rule” applies in testate successions. In other words, a testator must specifically state “there is no usu-fruct” in the will. Otherwise, he asserts, the legal usufruct is confirmed by a testator’s silence. We disagree, but in any event, we believe that leaving one’s entire estate to three daughters certainly constitutes an “adverse disposition.” In conclusion, we find that the surviving spouse is not entitled to a usufruct over the decedent’s share of the community property in this case and the heirs are entitled to a declaratory judgment to that effect.

Security

In his appeal, the surviving spouse urges as error the court’s order that he post security and the imposition of the various restrictions upon him. We disagree that this constituted error. If, as Mr. Richaud contended, he had a usufruct over the decedent’s property, the heirs were entitled to obtain security from him pursuant to La.Code Civ. P. art. 3154.1. Accordingly, we feel the heirs were entitled to this security pending a judicial determination of whether the surviving spouse was, in fact, entitled to a usufruct. Further, as Mr. Richaud had been in possession of the decedent’s property during the pendency of this litigation, the restrictions imposed by the trial court were reasonable and necessary to safeguard the succession and its assets. Therefore, we hold that the restrictions and security ordered by the trial court shall continue in full force and effect until this judgment becomes executory.
| .CONCLUSION
Accordingly, we reverse that portion of the trial court’s judgment declaring that Ronald J. Richaud is entitled to a legal usufruct over the decedent’s portion of the *656 community property. Judgment is hereby rendered in favor of Rana DaSilva, Devon DaSilva Roberts, and Arlissa DaSilva Fer-rara, declaring that Ronald J. Richaud is not entitled to a legal usufruct over the decedent’s portion of the community property, and Mr. Richaud is ordered to turn over that property to the executrix. That portion of the trial court’s judgment ordering that Ronald J. Richaud provide security and imposing restrictions and prohibitions upon Ronald J. Richaud is hereby affirmed and ordered to remain in full force and effect until the judgment of this court becomes executory. Costs of this appeal are assessed to Ronald J. Richaud.
REVERSED IN PART; AFFIRMED IN PART AND RENDERED.
Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.