

**Rodd Naquin**
**Clerk of Court**

**Post Office Box 4408**
**Baton Rouge, LA**
**70821-4408**
**(225) 382-3000**

## Notice of Judgment and Disposition

February 25, 2021

Docket Number:  2020 - CW - 0751

Succession of Beverly B. Photisuvan
     versus

TO:     J. Douglas Sunseri
        3000 18th Street
        Metairie, LA 70002

Christie Laporte Tournet
1795 W. Causeway Approacl
Suite 103A
Mandeville, LA 70471
christie@tournetlaw.com

Honarable Alan A.  Zaunbrec
701 N. Columbia Street
Suite 2010
Covington, LA 70433

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

RODD NAQUIN
CLERK OF COURT

## NOT DESIGNATED FOR PUBLICATION

### STATE OF LOUISIANA

### COURT OF APPEAL

### FIRST CIRCUIT

### 2020 CW 0751

### SUCCESSION OF BEVERLY B. PHOTISUVAN

*DATE OF JUDGMENT:*   FEB 2 2021

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
NUMBER 2019-30740, DIVISION D, PARISH OF ST. TAMMANY
STATE OF LOUISIANA

HONORABLE PETER J. GARCIA, JUDGE

* * * * * *

| | |
|---|---|
| Christie L. Tournet<br>Mandeville, Louisiana | Counsel for Plaintiff-Relator<br>Palarit Photisuvan |
| J. Douglas Sunseri<br>Metairie, Louisiana | Counsel for Defendants-Respondents<br>Suellen Billon Schmidt, Timothy<br>Billon, and James Billon |

* * * * * *

BEFORE:  WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

Disposition:  APPEAL CONVERTED TO SUPERVISORY WRIT; JUDGMENT AFFIRMED; AND WRIT DENIED.

**CHUTZ, J.**

Plaintiff, Palarit Photisuvan, appeals a district court judgment holding that the last will and testament of plaintiff's wife, Beverly B. Photisuvan (decedent), did not grant or confirm a legal usufruct in his favor over the portion of community property decedent bequeathed to her children from a prior marriage. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Decedent died testate on March 17, 2019, survived by plaintiff and her three children from a prior marriage. At the time of decedent's death, each of her children was competent and over the age of twenty-three. Decedent's statutory will[1] bequeathed one-half of her estate to plaintiff and the other one-half of her estate to her three children, James Billion, Timothy Billion, and Suellen Billion Schmidt (defendants), to share and share alike.[2] Plaintiff was named as executor of decedent's estate. The will contains no mention of a usufruct.

On August 2, 2019, plaintiff filed a single pleading combining an *ex parte* petition to file and execute the will and for a partial judgment of possession and a rule for defendants to show cause why the district court should not recognize a legal usufruct in favor of plaintiff over the one-fourth interest in community property decedent left to defendants. Following a hearing on the rule to show cause, the district court took the matter under advisement. On February 6, 2020, the district court issued written reasons for judgment finding decedent's will did not "grant, [create, or confirm] a usufruct in favor of the surviving spouse over the '½ interest' of the decedent's community property left to her three children."

---

[1] The requirements of a statutory testament under former La. R.S. 9:2442-2444 are essentially the same as those of a notarial testament under La. C.C. arts. 1576 to 1580.1. *In re Succession of Theriot*, 08-1233 (La. App. 1st Cir. 12/23/08), 4 So.3d 878, 880 n.1.

[2] In the sworn detailed descriptive list filed in this matter, all assets of decedent's estate are classified as community property even though the list includes decedent's wedding rings, other jewelry, and her personal effects. However, no issue concerning the classification of the estate's assets has been raised herein and, therefore, is not before us.

2

Noting the will contained "no language subjecting the children's ½ interest to a usufruct," the district court concluded decedent's bequest leaving one-half of the estate to her children "reflect[ed] an adverse disposition of a portion of her estate to her children from her previous marriage." On February 28, 2019, the district court signed a judgment holding decedent's will "does NOT grant, create, or confirm a usufruct in favor of [plaintiff] as the surviving spouse of [decedent]" over the portion of decedent's community property left to her children.

Plaintiff now appeals, arguing in two assignments of error that the district court legally and factually erred in ruling decedent's bequests constituted an adverse disposition that defeated the legal usufruct provided by La. C.C. art. 890 to a surviving spouse over community property.

## FINALITY OF JUDGMENT

Defendants requested in brief that this appeal be dismissed for lack of subject matter jurisdiction because the appealed judgment is not a final judgment. On October 29, 2020, this court, *ex proprio motu*, issued an amended[3] rule to show cause why the appeal should not be dismissed since it appeared the judgment at issue was not a final, appealable judgment.

This court's appellate jurisdiction extends only to "final judgments."[4] See La. C.C.P. art. 2083; *Joseph v. Ratcliff*, 10-1342 (La. App. 1st Cir. 3/25/11), 63 So.3d 220, 224; *Fowlkes v. Fowlkes*, 18-1563, p. 2 (La. App. 1st Cir. 3/12/19), 2019 WL 1147216, at *2 (unpublished), writ denied, 19-0556 (La. 5/28/19), 273 So.3d 310. A judgment that determines the merits in whole or in part is a final

---

[3] The original show cause order incorrectly listed the date of the appealed judgment.

[4] Subject to certain exceptions, appeals from orders or judgments rendered in succession proceedings are governed by the same rules applicable to appeals in ordinary proceedings. See La. C.C.P. art. 2974. The Code of Civil Procedure grants the right to an immediate appeal of certain judgments rendered in succession proceedings. See La. C.C.P. art. 3308 (judgment homologating tableau of distribution); La. C.C.P. art. 3337 (judgment homologating final account); La. C.C.P. arts. 2122 and 2974 (orders appointing or removing a succession representative). The present judgment is not among the exceptions identified by the Code.

3

judgment. La. C.C.P. art. 1841. However, a judgment that only partially determines the merits of the action is a partial final judgment that is appealable only if authorized by La. C.C.P. art. 1915. *Rhodes v. Lewis,* 01-1989 (La. 5/14/02), 817 So.2d 64, 66-67; *Fowlkes,* 18-1563 at p. 5, 2019 WL 1147216, at *2.

Under La. C.C.P. art. 1915(B)(1), a partial judgment ruling on one or more but less than all the issues "shall not constitute a final judgment unless it is designated as a final judgment by the court." Article 1915(B)(2) further provides that "[i]n the absence of such a ... designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal." (Emphasis added.)

In this case, the judgment disposed only of the issue of plaintiff's entitlement to a legal usufruct. The judgment did not dispose of plaintiff's additional requests for: (1) an order that decedent's will be filed, recorded, and executed (equivalent to an order of probate);[5] and, (2) a partial judgment of possession recognizing his ownership of one-half of decedent's estate, as well as one-half of the community property, in his own right. Nor did the judgment conclude the succession. Consequently, the judgment is a partial final judgment that is appealable only if authorized by Article 1915(B).

The district court did not designate the February 28, 2019 judgment as a final judgment in accordance with Article 1915(B). This lack of a designation of finality is a jurisdictional defect under Article 1911(B). *Texas Gas Exploration Corporation v. Lafourche Realty Company, Inc.,* 11-0520 (La. App. 1st Cir. 11/9/11), 79 So.3d 1054, 1061, writ denied, 12-0360 (La. 4/9/12), 85 So.3d 698. Accordingly, the instant appeal must be dismissed due to this court's lack of appellate jurisdiction to review the partial judgment rendered by the district court.

---

[5] Under La. C.C.P. art. 2891, a court order to file and execute a will court has the effect of probate.

4

The judgment is not a final judgment for purposes of appeal. See La. C.C.P. art. 1915(B); see also *Texas Gas Exploration Corporation*, 79 So.3d at 1061; *Joseph*, 63 So.3d at 224.

Even though we lack appellate jurisdiction herein, this court has discretion to convert an appeal from a non-appealable judgment into an application for a supervisory writ. See La. Const. art. V, § 10(A); *Stelluto v. Stelluto,* 05-0074 (La. 6/29/05), 914 So.2d 34, 39; *Successions of Wayne*, 18-1177, p. 2 (La. App. 1st Cir. 5/31/19) (unpublished), 2019 WL 2332357, at *2. Since plaintiff filed his motion for appeal within the thirty-day delay provided for seeking supervisory writs,[6] we will exercise our discretion to convert this appeal to an application for supervisory writ. See Uniform Rules-Court of Appeal, Rule 4-3; *Successions of Wayne*, 18-1177 at p. 2, 2019 WL 2332357, at *2; *KAS Properties, LLC v. Louisiana Board of Supervisors for Louisiana State University*, 14-0566 (La. App. 1st Cir. 4/21/15), 167 So.3d 1007, 1010.

## USUFRUCT

On appeal, plaintiff argues the district court erred in treating "a bequest of greater than what the default law [of intestacy] allows to a surviving spouse as an adverse disposition sufficient to defeat the legal usufruct" provided by Article 890 over community property. He maintains the legal usufruct provided by Article 890 attaches to community property by operation of law, and "an expressly stated disposal of the usufruct [adverse to the surviving spouse] is required to dispense with the legal usufruct."

We find no merit in plaintiff's arguments. Article 890 is located in the section of the Louisiana Civil Code dealing with intestate successions. It provides

---

[6] Defendants incorrectly assert that plaintiff failed to file the motion for appeal within the required thirty-day period. The record, however, shows written judgment was signed on February 28, 2020, notice of judgment was issued on March 2, 2020, and plaintiff's motion for appeal was filed on March 20, 2020, within the required thirty-day period for seeking a supervisory writ.

that when "the deceased spouse is survived by descendants, the surviving spouse shall have a usufruct over the decedent's share of the community property *to the extent that the decedent has not disposed of it by testament.*" (Emphasis added.) In other words, the surviving spouse is entitled to a legal usufruct over the decedent's community property unless there has been an adverse testamentary disposition of the usufruct. See *In re Succession of Richaud*, 01-2071 (La. App. 1st Cir. 10/2/02), 835 So.2d 653, 655; *Morgan v. Leach*, 96-0173, (La. App. 1st Cir. 9/27/96), 680 So.2d 1381, 1383.

In this case, decedent disposed of her entire estate in her will, one-half to plaintiff and one-half to her three children, leaving no portion of her estate intestate. Since this matter involves a testate succession, it is governed by La. C.C. art. 1499, which provides that a deceased spouse "*may* grant a usufruct to the surviving spouse," rather than by Article 890.[7] (Emphasis added.) See *In re Succession of Richaud*, 835 So.2d at 65 655. The plain terms of decedent's will left one-half of her estate to her three children without reserving a usufruct in plaintiff's favor. Therefore, the will did not grant plaintiff a usufruct as permitted by Article 1499. See *In re Succession of Richaud*, 835 So.2d at 655.

We further note that, subsequent to the 1996 amendment of Article 890, this court specifically rejected arguments similar to those raised by plaintiff herein that the "adverse disposition rule" of Article 890 applies in testate successions and that a testator must specifically state there is no usufruct in order to deprive the surviving spouse of a legal usufruct under Article 890. See *In re Succession of*

---

[7] We recognize that prior Louisiana jurisprudence has applied Article 890 in cases involving testate successions. See e.g., *Succession of Waldron*, 323 So.2d 434 (La. 1975); *Morgan v. Leach*, 96-0173 (La. App. 1st Cir. 9/27/96), 680 So.2d 1381. However, in 1996, the Legislature amended Article 890 and enacted La. C.C. art. 1499 (dealing with testamentary donations) in an "effort to bifurcate the multiple provisions of former Civil Code Article 890, some of which dealt with testate succession and some of which dealt with intestate succession." La. C.C. art. 1499, Revision Comments (a) (1996). As a result, "for reasons of stylistic purity and conceptual consistency, revised Article 890 deals only with a usufruct of the surviving spouse that arises by virtue of intestacy. A separate article covers issues of testacy." La. C.C. art. 890, Comment (a) (1996).

6

*Richaud*, 835 So.2d at 655. Even assuming *arguendo* that the adverse disposition rule applied to this testate succession, we agree with the district court that the bequest of one-half of decedent's estate to her children without reserving a usufruct in plaintiff's favor was an adverse disposition disposing of any legal usufruct over the property. See *In re Succession of Richaud*, 835 So.2d at 655.

Lastly, plaintiff argues the district court's judgment ignored decedent's intent to leave plaintiff a usufruct over her community property. In support of this argument, plaintiff offered an affidavit from Theodore W. Nass, the attorney who drafted decedent's will. In the affidavit, Mr. Nass stated he had "no notes or file material that indicate [decedent] intended to dispose of the legal usufruct afforded by [La. C.C. art.] 890."

The paramount consideration of the court in interpreting a will, is to determine and carry out the intention of the testator if it can be ascertained from the language of the will. La. C.C. art. 1611(A); *In re Succession of Templet*, 07-0067 (La. App. 1st Cir. 11/2/07), 977 So.2d 983, 986, writ denied, 07-2329 (La. 2/1/08), 976 So.2d 720. The first and natural impression conveyed to the mind on reading the will as a whole is entitled to great weight. Moreover, when a will is free from ambiguity, the will must be carried out according to its written terms, without reference to information outside the will. *In re Succession of Templet*, 977 So.2d at 986.

We find the terms of decedent's will to be clear and free of ambiguity. Decedent left one-half of her estate to her children without subjecting the property to a usufruct as permitted by Article 1499. Accordingly, the will evidences no intent to create a usufruct over this property in favor of plaintiff. In the absence of any ambiguity, this court will not consider extrinsic evidence to alter the plain meaning of the will's terms. See *In re Succession of Templet*, 977 So.2d at 986.

7

## CONCLUSION

For the above reasons, the district court's February 28, 2019 judgment is affirmed, and this application for a supervisory writ is denied. All costs of this appeal are assessed against plaintiff, Palarit Photisuvan.

**APPEAL CONVERTED TO SUPERVISORY WRIT; JUDGMENT AFFIRMED; AND WRIT DENIED.**